[No. 7,111.—In Bank.]
March 9, 1882.

## MATILDA A. EDWARDS *v.* DAVID BURRIS.

SLANDER OF TITLE—COMPLAINT—PLEADING—REDEMPTION OF LAND.—In an action for slander of title the complaint in effect alleged "that during the entire year of 1878, up to October 26, plaintiff was the owner in fee as her separate property" of a tract of land in Sonoma County; that on October 26, 1878, the Sonoma Valley Bank caused the said land to be sold, under a decree of foreclosure of mortgage thereon; that at the sale the defendant became the purchaser of the land for seven thousand six hundred and sixty dollars; "and the plaintiff had the period of six months, from October 26, 1878, in which to redeem from the sale;" that for the purpose of redemption, she entered into negotiations with one Otto Schetter and others for the sale of said land; and Schetter had agreed to purchase the same from her, and pay her therefor ten thousand dollars, but he was dissuaded and prevented from completing the purchase by the defendant, on December 10, 1878, maliciously and without probable cause, speaking in the presence and hearing of the said Otto Schetter and others, the following words concerning the said property and the plaintiff, (here follow the words complained of); that these words were "false and made with the intent to prevent any sale of the property by the plaintiff, or any sale of her right to redeem," *per quod* the plaintiff was damaged nine thousand dollars for which she asked judgment with costs.

*Held:* The complaint shows affirmatively that the plaintiff was owner in fee of the land only until October 26, 1878, when the defendant acquired title to it as purchaser at the foreclosure sale; and that the alleged slander of title was published December 10, 1878, at which time it follows that the plaintiff was *not* the owner. The averment that she was entitled to redeem the mortgaged premises within six months after the sale to the defendant, is a mere conclusion of law unsustained by any affirmative averment of fact. To entitle the plaintiff to the *status* of a redemptioner, it should have been alleged that she was the mortgagor, or judgment debtor, or the successor in interest of the judgment debtor, or a creditor having a *lien* by judgment or mortgage on the property sold, etc.

ID.—ID.—ID.—Such an action is only maintainable by one who possesses an estate or interest in real or personal property, against one who maliciously comes forward and falsely denies or impugns his title thereto, if thereby damage follows to the plaintiff.

APPEAL from a judgment for the defendant in the Superior Court of the County of Sonoma.

*Geo. A. Johnson* and *B. Henley,* for Appellant.

There are two causes of action alleged in the complaint.

All the elements of a good complaint are contained in each cause of action, viz.: the malice, falsity, and special damage as the natural and proximate consequence of the alleged publication. (Townsend on Libel and Slander, Sec. 204.)

*Rutledge & McConnell*, for Respondent.

The *colloquium* charges the actionable words to have been spoken of and concerning the property and the plaintiff. But the words alleged to have been spoken concerns the title to the property, and does not slander the property or the plaintiff.

The office of a *colloquium* is attempted to be supplied by an *innuendo*. This can not be done. (Townsend on Slander and Libel, §§ 335 and 336 and § 130 and note. *Clark* v. *Fitch*, 41 Cal. 472 ; *Peterson* v. *Seutman*, 37 Md. 140, and 11 Am. Rep. 534 ; *Snell* v. *Snow*, 13 Metc. 278 ; *Miller* v. *Maxwell*, 16 Wend. 9 ; *Tyler* v. *Tillotson*, 2 Hill. 507 ; *Dodge* v. *Lacy*, 2 Cart. 213; *Milligan* v. *Thorn*, 6 Wend. 413 ; *Van Vechten* v. *Hopkins*, 5 Johns. 211 ; *Goldstein* v. *Foss*, 4 Bing. 489 ; 1 Stark. on Slander, 384 and 385. See form of complaint in 2 Chit. Pl. 641 J and K.)

The distinction between slander of title and slander of property is illustrated by the case of *Paull* v. *Halferty*, 63 Penn. 46 ; reported in 3 American Reports, 518.

The plaintiff alleges that during the year 1878 up to October 26th, she was the owner in fee of the property, but there is no averment of any title in her after that time.

If she succeeded to the mortgagor's equity of redemption that fact is not alleged, and we have shown that the want of such an averment cannot be supplied by an *innuendo*.

To possess the right of redemption the plaintiff must be the judgment debtor, or his successor in interest. or a creditor having a lien. (§ 701, C. C. P.)

McKee, J.:

This was an action in the nature of an action for slander of title. A demurrer to the complaint was sustained by the Court below, and as the plaintiff declined to amend, judgment of dismissal was entered, from which comes this appeal.

Substantially, the complaint alleges "that during the entire

year of 1878, up to October 26th, plaintiff was the owner in fee as her separate property" of a tract of land in Sonoma county; that on October 26, 1878, the Sonoma Valley Bank caused the said land to be sold, under a decree of foreclosure of mortgage thereon; that at the sale the defendant became the purchaser of the land for seven thousand six hundred and sixty dollars; and the plaintiff had the period of six months, from October 26, 1878, in which to redeem from the sale;" that for the purpose of redemption, she entered into negotiations with one Otto Schetter and others for the sale of said land; and Schetter had agreed to purchase the same from her, and pay her therefor ten thousand dollars; but he was dissuaded and prevented from completing the purchase by the defendant, on December 10, 1878, maliciously and without probable cause, speaking, in the presence and hearing of the said Otto Schetter and others, the following words "*concerning the said property and the plaintiff.*"

"'She can not sell the place,' meaning the plaintiff could not sell her equity of redemption in said property, and had no right to redeem the same; 'she never owned the place; the conveyance of it to her by her mother was fraudulent,' meaning that the conveyance to plaintiff by plaintiff's grantor, Mrs. F. Haraszthy, of said property, was fraudulent; and, if you buy the place I will get out letters of administration upon the estate of Mrs. Haraszthy and take the place away from you, and you will get into litigation and lose the property and your money,' meaning that the said grantor of plaintiff, Mrs. Haraszthy, was now dead, and the said conveyance was fraudulent and void, and that if the said Schetter should buy the said property from the plaintiff, or the equity of redemption thereof, that it was the intention of said defendant to get out said letters of administration, and involve said Schetter in expensive litigation, great trouble and annoyance, and a loss of the property and of money."

Other words of like import are also set forth in a second count of the complaint containing a similar *colloquium and like innuendoes*; and all these words were, as the complaint alleges, "false and made with the intent to prevent any sale of the property by the plaintiff, or any sale of her right to

redeem," *per quod* the plaintiff was damaged nine thousand dollars, for which she asked judgment with costs.

It will be observed that the complaint shows affirmatively that the plaintiff was the owner in fee of the land only until October 26, 1878, when the defendant acquired title to it as purchaser at the foreclosure sale; and that the alleged slander of title was published December 10, 1878, at which time it follows that the plaintiff was *not* the owner. It also shows, negatively, that she was not the mortgagor, nor a party to the foreclosure proceedings of the decree under which, she admits, the defendant acquired title to the land at the foreclosure sale. Being neither the mortgagor, nor a party to the action in foreclosure, the plaintiff was not bound by the proceedings. She was, therefore, not a redemptioner within the meaning of Section 701, C. C. P.: and the averment that she was entitled to redeem the mortgage premises within six months after the sale to the defendant is a mere conclusion of law unsustained by any affirmative averment of fact.

To entitle the plaintiff to the *status* of a redemptioner it should have been alleged that she was the mortgagor, or judgment debtor, or the successor in interest of the judgment debtor, or a creditor having a *lien·*by judgment or mortgage on the property sold, etc. (Sec. 701, C. C. P.) In the absence of such averments from the complaint, and in the presence of an allegation that at the time of the publication of the alleged slander, the plaintiff was not the owner of the property concerning which the slanderous words were spoken, she had no estate or interest in the property which entitled her to maintain an action for the slander. Such an action is only maintainable by one who possesses an estate or interest in real or personal property, against one who maliciously comes forward and falsely denies or impugns his *title* thereto, if thereby damage follows to the plaintiff. (Odgers on Slander, 138; *Hargrave* v. *Le Breton,* 4 Burr, 2,422; *Smith* v. *Spooner,* 3 Taunt. 246.)

The *gravamen* of the action is the slander of plaintiff's title. "It is," says Townshend on Slander, § 206, "publishing language not of the person, but of his right or title to something. * * Things are merely external to the person, and include whatever one may or may be entitled to own.

possess or enjoy.  *  *  But one may speak or write whatever he may please concerning a thing, and with any intention towards the thing, and for such speaking or writing no action can be maintained.  The thing can not complain; it has no rights to be invaded.  But although things have no rights, persons may have a right in or to a thing—the right of property—and this right may be invaded by language concerning the thing.  When this invasion occurs the language which affects a thing is actionable." (Id. § 204; *Hargrave* v. *Le Breton*, 4 Burr, 2,422; *Smith* v. *Spooner*, 3 Taunt., 246.)

Unless, therefore, a plaintiff shows title or interest in the property, falsehood and malice in the utterance of slander concerning it, and an injury to the plaintiff, there is no cause of action; and as the complaint in this case did not affirmatively show that the plaintiff had title or interest in the property at the time of the alleged *tort*, it was, as a pleading, defective, and the demurrer was properly sustained.

Judgment affirmed.

MORRISON, C. J., and MYRICK and THORNTON, JJ., concurred.