[Civ. No. 5161. Third Appellate District.—September 28, 1934.]

E. S. WILLISTON et al., Appellants, v. CITY OF YUBA CITY (a Municipal Corporation), Respondent.

Ray Manwell and McDaniel & Mahon for Appellants.

Loyd E. Hewitt for Respondent.

THOMPSON, J.—From a judgment which was rendered against the plaintiffs in a suit to cancel a deed on the ground of lack of delivery thereof, this appeal was perfected. The only problem which is involved on this appeal is whether the deed in question was delivered by the grantors with the present intention of conveying title to the real property therein described.

The plaintiffs are husband and wife. It was stipulated the plaintiff, E. S. Williston, was the owner of the property which is involved in this suit. It consists of a ten-foot strip on the westerly side of lot B of the Williston Tract No. 2, in Yuba City, which that city desired to secure for the purpose of widening a street therein. It appears that Mr. Coats, of the law firm of Rich, Weis, Coats & Carlin, was the city attorney of Yuba City. Mr. Weis, of that firm, had previously acted as the attorney for the plaintiffs in other legal transactions. The city proposed to widen a street which required a ten-foot strip from the westerly side of plaintiffs' property. Mr. Coats had previously talked with Mrs. Williston regarding the necessity of acquiring the land and requested plaintiffs to convey that strip of land as a gift to the city. She refused to do so. About a month later, on January 9, 1932, Mr. Weis brought a deed of the desired ten-foot strip of

land to the home of plaintiffs, and talked with Mrs. Williston regarding the proposed conveyance. Mr. Weis told Mrs. Williston that he had been informed that unless the property owners voluntarily deeded to the city the necessary strip of land to widen the street, it would be necessary to institute condemnation proceedings and tax the adjacent land with the cost of improvements, and that the proposed improvement might enhance the value of plaintiffs' property. When Mr. Williston returned home that night he was fully informed by his wife of her conversation with Mr. Weis and the desire of the city to secure a deed of gift to the ten-foot strip of land. The following Monday morning, before Mr. Williston left the house for his work on a farm some distance away, he signed the deed of conveyance and left it on the bookcase where his wife had placed it. His wife was then absent from the room and he did not inform her he had signed it. Later Mrs. Williston signed the deed. The following morning Mr. Weis called for the deed, and Mrs. Williston handed him the deed, saying she and her husband had signed it. She testified in that regard: "I guess I told him we signed it, but that was all." Mr. Weis testified in regard to the transaction: "I left the deed there and said, 'If.you are satisfied this is all right you may sign the deed and I will call for it later.' Q. Did you tell her at the time that you were asking her to sign the deed so you would give it to the city? A. Yes sir." The following day he called for the deed. Regarding the delivery of the deed, he said, "Q. Did you call for the deed on Monday? A. Yes sir. Q. Did you have a conversation with Mrs. Williston at that time? A. Just a few words. . . . About all there was to it, she had the deed, it is my recollection she signed the deed after I got there. It seems like it bore Mr. Williston's signature, and she . . . passed it over to me and I told her I would attend to the notary work in my office and pass the deed on to Mr. Coats, the city attorney. . . . It was signed by them and I knew their signatures." Weis took the deed to his office and had his stenographer, who was also a notary public, affix the acknowledgment to the deed, and delivered it to the city attorney. The deed was formally accepted by the city and recorded. Mr. Weis had

formerly procured the acknowledgment of instruments signed by Mrs. Williston to be attached thereto out of her presence.

Both plaintiffs freely acknowledge signing the deed with the understanding that it was to convey the ten-foot strip of land to the city. It seems apparent that it was signed as a deed of gift with the impression that the conveyance of the land would ultimately save them costs incident to street improvements. Evidently Mr. Williston, pursuant to his conversation with his wife, signed the deed and left it for her to sign and deliver. He did say that "I thought it had to be acknowledged before a notary and recorded." But he also testified regarding his intention and purpose in signing the instrument, and his expectation that it would be delivered as a conveyance of the property to the city, that, "He (Mr. Weis) left it there for us to sign. Q. What did you sign it for? A. I just signed it. . . . They said that if we didn't sign the deed they would commence a condemnation suit against us. . . . Q. You knew Mr. Weis was going to turn it over to the city? A. I supposed he was, yes sir. . . . Q. . . . It was your intention it should be delivered to the city so that you would save yourself that money, wasn't that correct Mr. Williston? A. Yes sir. . . . You intended that the deed would be given to the city so it wouldn't cost you that much money, is that correct? A. . . . Yes sir. . . . Q. Did you sign the deed so it could be handed to Mr. Weis by your wife? A. Yes sir. Q. And did you know at that time that Mr. Weis was going to give it to the city of Yuba City? A. I supposed so, I didn't know for sure. Q. That was your understanding that he was going to give it to the city of Yuba City? A. Yes sir."

Regarding the delivery of the deed with the intention of passing title to the land, Mrs. Williston testified: "Q. Who gave him (Mr. Weis) the deed? A. I did. . . . There was nothing said about it. . . . I guess I told him we signed it, but that was all. Q. And he just took the deed in his possession? A. Yes sir. Q. And took it away? A. Yes sir. . . . Q. You knew he was going to give it to the city? A. I supposed he was. . . . Q. You knew he was requesting you to sign the deed so he could deliver it to the city? A. I knew that."

■ Based upon the foregoing evidence the trial court found that the deed to the ten-foot strip of land therein

described was executed and delivered by the plaintiffs to the grantee with the intention of conveying absolute title thereto. The court also found that in procuring the deed of conveyance, Mr. Weis did not act as the agent of the city. It is immaterial, however, whether he acted as the agent for the grantee or for the grantors. While the record contains some conflict of testimony, we are satisfied there is ample evidence to support the finding that the deed to the land in question was executed by the plaintiffs and delivered to Mr. Weis for the grantee with the intention of presently parting with their title to the land and conveying it absolutely to Yuba City. It is true that a grant takes effect, so as to vest the interest intended to be transferred, only upon its delivery by the grantor. (Sec. 1054, Civ. Code.) It is also true that a purported conveyance is void, and a deed is invalid, unless the instrument by means of which the title is passed is absolutely delivered by the grantors with the intention of presently conveying the land therein described. (9 Cal. Jur. 149, sec. 48; *Williams* v. *Kidd*, 170 Cal. 631 [151 Pac. 1, Ann. Cas. 1916E, 703].) But the intention with which the grantors of real property execute and deliver a deed of conveyance therefor to the grantee or to another person for the grantee is ordinarily a question of fact to be determined by the trial court, and its solution of that problem will not be disturbed on appeal when there is substantial evidence to support its conclusions in that regard. (*Merritt* v. *Rey,* 104 Cal. App. 700 [286 Pac. 510].)

 It is immaterial in the present case that the deed of conveyance was executed by the grantors to avoid additional costs. There is no evidence in the record that it is not true that the statement was made to the plaintiffs to the effect that additional costs for property improvements would be incurred by them in the event condemnation proceedings were required to be instituted by the city. While fraud in procuring the execution of the deed was charged, that issue was abandoned by the plaintiffs on appeal. It is not contended the findings of the court favorable to the defendant on the issue of fraud are not justified by the record.

 The deed of conveyance was not invalid between the parties thereto merely because it was not acknowledged

by the grantors. The purpose of an acknowledgment to a deed is evidentiary in character and is required so as to entitle the instrument to be recorded or to render it competent evidence without further proof. (9 Cal. Jur. 113, sec. 18; *Gordon* v. *City of San Diego*, 108 Cal. 264 [41 Pac. 301]; *Knaugh* v. *Baender*, 84 Cal. App. 142 [257 Pac. 606]; sec. 1161, Civ. Code.) ■ The fact that the deed in this case was irregularly acknowledged out of the presence of the grantors is immaterial except for the purpose of determining whether the grantors intended to presently convey their title to the land therein described when the deed was handed to Mr. Weis for the purpose of delivering it to the grantee. There is sufficient evidence in the record to support the finding of the court to the effect that the deed was delivered by the grantors for the purpose of conveying title to the property without any condition or contingency attached thereto and that the delivery of the deed was absolute. ■ A grant of real property may not be delivered conditionally. Delivery of a deed to the grantee, or to his agent for that purpose, is necessarily absolute, and the instrument takes effect thereupon, discharged of any condition on which the delivery may be made. (Sec. 1056, Civ. Code; *Lewis* v. *Brown*, 22 Cal. App. 38 [133 Pac. 331].) In this case the deed was signed and handed to Weis for delivery to the grantee as requested by the grantors. It was formally received and accepted by the grantee by resolution duly adopted. In our judgment the deed was duly delivered and is valid and binding upon the grantors as a conveyance of the title to the land therein described to the city of Yuba City.

The judgment is affirmed.

Plummer, J., and Pullen, P. J., concurred.