[Civ. No. 17185. Second Dist., Div. Two. Nov. 17, 1949.]

LOUIS PHILLIPS, as Trustee, etc., et al., Respondents, v. SHARON LYNN GLAZER, Appellant.

Butts & Grosenbaugh and Downey A. Grosenbaugh for Appellant.

French & Indovina and F. Walter French for Respondents.

MOORE, P. J.—From a judgment awarding respondents damages for slander of title and injunction against the publication thereof defendant appeals on (1) asserted errors in admitting certain testimony and (2) insufficiency of the evidence of the slander.

Appellant and respondents are owners of Parcels 19 and 20 of Malibu Colony, contiguous properties in Los Angeles County. Prior litigation between them had determined that the common grantor of appellant and respondents had constructed improvements on respondents' property which protruded a few inches onto appellant's lot. The resulting judgment in that action awarded to appellant all such encroaching improvements. Thereafter, appellant attempted personally to remove the portions of respondents' home so awarded her and having failed, employed contractors to complete the task. During respondents' absence, large portions of the wall were removed leaving the interior of the house exposed to the elements and open to transient thieves who removed things of value.

When respondents decided to sell Parcel 20 appellant placed a large sign upon her own garage in full view of respondents' premises, reading as follows: ''Notice. Anyone buying No. 20 Malibu is buying law suit. Anyone renting or using main house or garage will be sued for rent. Title clouded rt. sides wall, foundation mine. Sign remover will be prosecuted. S. L. G.'' Prospective purchasers desisted from buying after visiting the premises and seeing appellant's sign. Brokers refused to list the property.

Respondents commenced the instant action for slander of title and to enjoin further removal of the building. Appellant answered and cross-complained for the reasonable value of the use of approximately 5 inches of the premises awarded to her by the prior judgment.

This appeal presents two questions only: First, did the court improperly admit hearsay testimony? Secondly, was the evidence sufficient to warrant a finding that the title was slandered?

Dr. Louis Phillips, trustee owner of respondents' property, testified that as trustee for his mother he would have conveyed the title of Parcel 20 in 1947 had she found a purchaser and requested him to do so; that he discussed a sale with his friend, Dr. Ingleberg and with one Norman Smith; that his discussion with Dr. Ingleberg was in the fall of 1947. ''Q. What was

said? MR. BUTTS: To which we object on the ground that it is hearsay; no proper foundation to show that this defendant was present. THE COURT: Objection overruled." Dr. Ingleberg said he was interested in purchasing the property at that time. They discussed terms of purchase. Dr. Phillips set the price at $35,000 and the matter was left there pending Dr. Ingleberg's thinking it over. After that they met at different times. On one occasion Dr. Phillips asked him how he felt about going on with the deal. He said he had been passing there and in view of the fact that he was considering purchasing the place he had looked around further; that he saw a sign up which stated that anybody buying the property was buying a lawsuit; that he didn't want to get himself into litigation. "MR. BUTTS . . . For the purpose of the record I do move that all the testimony with respect to the conversation held between this witness and the doctor . . . be stricken out on the ground that as to the defendant Glazer it is hearsay. THE COURT: Objection overruled. Motion denied."

Mr. Smith had been out there with his family on different occasions and with the witness. He expressed an interest in the purchase of the property and the witness told him the price would be $35,000. He was considering it, but when he saw the sign up on one of his return visits he expressed the desire not to get involved in a lawsuit. He looked at the sign, laughed and said, "What is going on here? I can't go on and make any deal and buy myself a headache."

On cross-examination Dr. Phillips testified that he could not remember specifically what Dr. Ingleberg said except that he was interested in the purchase of the property. With respect to Norman Smith, he said he was interested in the purchase of the property and was considering the matter and would want a little time to think about it. He did not say whether he would be willing to pay $35,000 if he decided to buy.

Respondent Krieger testified substantially as follows: I had a conversation with David Duncan, a realtor, about the sale of our property before the summer season started in 1948. Mr. Duncan and I were in Art Jones' office in the Malibu Inn property. My wife was not present. I was there to list the property with Mr. Duncan for sale. I asked him whether I might list it with him. He said he did not care to take any listing of the property or try to sell it as long as the sign on the wall of Mrs. Glazer's garage facing the main highway remained there; that he was not in the habit of selling anything to any-

body that looks like there is going to be a lawsuit. He said forget about it; he did not care to take a listing until I cleared up the situation.

The witness Barstow testified as follows: I am a licensed realtor. I had a listing from Mrs. Krieger. I brought a prospective buyer to view Parcel 20, Malibu Colony. I asked $35,000 for it. On my second visit with the prospect I noticed the sign on the garage of Parcel 19. ''Q. What if anything was said by you and the prospective purchaser concerning that sign? MR. BUTTS: To which we object on the grounds it is hearsay. THE COURT: Objection overruled. A. I went into the house and I said to Mrs. Krieger, 'What in the world is this sign doing on the garage?' THE COURT: The question is, what did the purchaser say? A. She said 'What is this sign up here?' and I said, 'Well, I don't know. I will have to ask Mrs. Krieger. I have never seen this before.' The prospect went in with me to see Mrs. Krieger about it. We had some conversation. The prospect did not take the place. She said she would not be interested in buying the place if there was any question of the title. I said I would have to investigate it thoroughly before I would do anything further with it. She made no objection to the price as being unreasonable. Q. Did you as a realtor tell Mrs. Krieger what you were going to do about trying to handle the house, or did you do anything further? MR. BUTTS: I object to the question on two grounds, it is hearsay and calling for a conclusion. THE COURT: Objection overruled on both grounds. A. Yes, I went into the house and asked Mrs. Krieger what the sign meant, and she said not to pay very much attention to it. I said nobody would buy a piece of property with that sign standing there because people are not buying property where there is a clouded title. And she said, 'The only thing you can do is wait until I see how this thing is going to work out.' I then discontinued making efforts to sell the place.''

■ The rulings indicated in the foregoing résumé are assigned as prejudicial. It is contended that the statements ascribed by the witnesses to prospective purchasers were hearsay and incompetent. In the same breath appellant admits it is ''an exception to the hearsay rule when the intentions, feelings or mental state of a certain person at a particular time is material to the issues,'' citing *Adkins* v. *Brett*, 184 Cal. 252 [193 P. 251]; *Estate of Carson*, 184 Cal. 437 [194 P. 5, 17 A.L.R. 239]; *Cripe* v. *Cripe*, 170 Cal. 91 [148 P. 520]. These authorities establish the rule that such declarations when used

not to prove the truth of the matter asserted but to establish the state of mind of the declarant are not within the hearsay rule. That rule does not exclude evidence of a statement when the act of making it is significant irrespective of the truth or falsity of its content. (*Werner* v. *State Bar,* 24 Cal.2d 611, 621 [150 P.2d 892] ; *People* v. *Radley,* 68 Cal.App.2d 607, 609 [157 P.2d 426] ; 10 Cal.Jur. § 288, p. 1036.) The declarations ascribed by the witnesses in the instant action were not to prove the truth of the declarations but to prove the state of mind of the declarant when he read the sign of appellant. The court's rulings were in the interest of justice. They enabled respondents to show that the presence of the sign caused prospective purchasers to abandon their desires to purchase Parcel 20. A contrary ruling would have been grievously erroneous.

Appellant next contends that there is not sufficient evidence to warrant a finding that respondents' title had been slandered by appellant. Slander of title is effected by one who without privilege publishes untrue and disparaging statements with respect to the property of another under such circumstance as would lead a reasonable person to foresee that a prospective purchaser or lessee thereof might abandon his intentions. (Rest., Torts, § 624.) It is an invasion of the interest in the vendibility of property. In order to commit the tort actual malice or ill will is unnecessary. (*Gudger* v. *Manton,* 21 Cal.2d 537, 543 [134 P.2d 217] ; Rest., Torts, §§ 624, 625, 628.) Damages usually consist of loss of a prospective purchaser. (Rest., Torts, § 633.) To be disparaging a statement need not be a complete denial of title in others, but may be any unfounded claim of an interest in the property which throws doubt upon its ownership. (*Gudger* v. *Manton, supra.*)

In the action at bar appellant's sign stated that respondents' title was clouded. This statement was clearly not true since a prior judgment had awarded to respondents all property east of their lot line free and clear of any interest therein on the part of appellant. There was no dispute between the parties as to the ownership of the 5 inches of improvements extending beyond respondents' property line. Respondents freely admitted that the portions of the house and garage claimed belonged to appellant. Indeed, they could hardly do otherwise in view of the prior judgment to that effect. But such an admission in no way gave appellant any right, title

or interest in the property east of the lot line. Having no interest therein appellant could not truthfully assert that its title was clouded. Also, the prior action awarding appellant the right to lateral support did not give appellant any interest in the title to her neighbor's land. (*Sargent* v. *Jaegling*, 83 Cal.App. 485, 487, 488 [256 P. 1116].) The contents of appellant's sign were therefore palpably untrue which fact alone supports a finding of slandered title.

Judgment affirmed.

McComb, J., and Wilson, J., concurred.