**Bernard KIRSCH, Plaintiff,**

v.

**George BARNES, Milton L. Huber, G. Edward Goodwin, Milton L. Huber & G. Edward Goodwin, a copartnership, doing business as Huber & Goodwin, Defendants.**

**Civ. No. 7477.**

United States District Court
N. D. California, N. D.
June 24, 1957.

David Livingston, Harold R. Farrow, and James R. Mansfield, San Francisco, Cal., for plaintiff.

Hill & Hill, Eureka, Cal., for defendant George Barnes.

Philip C. Wilkins, Sacramento, Cal. for defendants Milton L. Huber and G. Edward Goodwin.

HALBERT, District Judge.

Plaintiff, a citizen and resident of the State of New York, has filed in this Court a complaint, which he asserts states a cause of action for slander to title, against the defendants, citizens and residents of the State of California. There being proper allegations of jurisdictional amount, the action appears to be within the jurisdiction of this Court.

Defendants have each filed a motion to dismiss the complaint on the ground that the complaint fails to state a claim upon which relief can be granted. They, in essence, contend that facts necessary to ground a claim for slander to title have not been plead, and even if such facts

were alleged, the action would be barred by the applicable (California) statute of limitations.[1]

■ It is a principal too well established to require the citation of much authority that a complaint should not be dismissed on the ground that it fails to state a cause of action "unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim" (2 Moore, Federal Practice, para. 12.08). This rule requires a close examination of the facts plead in the light most favorable to the pleader.

On October 16, 1952, plaintiff entered into a contract with defendants, whereby plaintiff, the owner of timber rights on a certain parcel of property, gave to defendant, Barnes, the right to log and sell the timber, in consideration of an agreed percentage of the timber sales proceeds. Under the contract, the law partnership of Huber & Goodwin became obligated to administer the funds derived from the contract and to handle all legal matters related thereto, in consideration of an agreed percentage of the timber sales proceeds. On October 23, 1952, Dayton C. Murray, Jr., a notary public in and for the County of Humboldt, State of California, employed in the offices of Huber & Goodwin, executed a notary's certificate of acknowledgment of the signatures of plaintiff and defendant, Barnes, and affixed the same to the contract.[2] The certificate of acknowledgment is alleged to be false, in that *plaintiff* was not present when it was prepared and executed. Plaintiff does not assert that the contract was in any way invalid or that he failed to affix his signature to the contract. Plaintiff merely alleges that defendant, Barnes, induced Murray to prepare and execute a notarial certificate of acknowledgment in plaintiff's absence, thereby rendering it false.

Having procured the certificate of acknowledgment, Barnes thereafter, unbeknownst to plaintiff, on September 11, 1953, filed the contract of record. During this period, plaintiff was negotiating with the State of California for the sale of his timber rights, some of which formed the subject matter of the prior Barnes contract. On July 27, 1954, preliminary negotiations having been completed, plaintiff deposited in escrow a grant deed to the State of California, and the State of California deposited therein warrants in the amounts of $287,500 pending the issuance of a policy of title insurance. Due to the recordation of the contract, and the acknowledgment (false as to the plaintiff) affixed thereto, no title policy could be obtained, and the sale by plaintiff to the State of California was delayed until June 29, 1956. Presumably, sometime between July 27, 1954, and June 29, 1956, plaintiff discovered the fact of recordation, and in an effort to consummate the ultimate sale to the State of California, procured alterations in the agreement with the State of California providing for the withholding of $80,000 of the purchase price by the State in favor of Barnes, and $45,000 in favor of Huber & Goodwin. As a further provision of the altered agreement with the State, quitclaim deeds by the various parties to the Barnes contract were required to be made to the State of California. The completion date of the aforementioned transaction was June 29, 1956. Plaintiff contends that he suffered damage by virtue of the delay in consummating the sale to the State of California, which delay, he asserts, was directly and proximately caused by the placing of record of the Barnes contract, which recordation, plaintiff alleges, could not have taken place, but for the false notarial certificate of acknowledgment.[3] Damages are

1. The statute of limitations as a defense is not pressed by the defendants, and in view of the conclusions reached herein, the Court has not deemed it necessary to reach this issue at this time.

2. There is also attached to the instru-

ment a separate notary's certificate of acknowledgment for the partnership of Huber & Goodwin, which is, as noted above, one of the parties to the agreement.

3. Plaintiff has not asserted that the Barnes certificate of acknowledgment or

listed as the additional taxes and assessments levied against plaintiff's property during the period of delay, and the loss of the earning capacity of the funds which would have been obtained for the sale had it been consummated in 1954, as originally contemplated.

In view of the record here, this case must be, and it will be, decided on the basis of the certificate of acknowledgment which plaintiff asserts is, as to him, false. For the purpose of the order to be made, this will be assumed to be a fact, and no consideration will be given to the other forms of acknowledgment attached to the contract.

█ Certain fundamental rules relating to acknowledgments and recordation should be noted before proceeding to an examination of plaintiff's theory of his case. Under California law, an acknowledgment certified by a notary is a prerequisite to the recordation of the underlying instrument (Government Code, § 27286). A defectively acknowledged instrument, though not being entitled to record, and thus not capable of imparting constructive notice, is valid as between the parties to the instrument, and all those having actual notice of its existence (Parkside Realty Co. v. McDonald, 166 Cal. 426, 431, 137 P. 21; Kimbro v. Kimbro, 199 Cal. 344, 349, 249 P. 180; and Johndrow v. Thomas, 31 Cal.2d 202, 206, 187 P.2d 681). It has been stated that, "the acknowledgment of a deed is not essential to its validity. The acknowledgment of a deed is merely evidentiary in character and is required only to entitle it to be recorded so as to render it competent evidence of the conveyance without further proof" (Osterberg v. Osterberg, 68 Cal.App.2d 254, 262, 156 P.2d 46, 50. See also Williston v. City of Yuba City, 1 Cal.App.2d 166, 171, 36 P.2d 445). Where a loss is sustained by reason of a false certificate of acknowledgment of a *forged* instrument the measure of damages recoverable for

such official misconduct by the notary is determined by the evaluation of the rights which would have accrued to the injured party had the underlying instrument been valid (Heidt v. Minor, 113 Cal. 385, 45 P. 700; facts set forth at 89 Cal. 115, 26 P. 627). The clear implication from this rule is that there could be no recovery against the notary or his surety for his official misconduct in executing a false acknowledgment where the underlying instrument is valid, for no measurable damages would result therefrom (See § 8214, California Government Code).

█ In adopting the Restatement rule, the California Supreme Court in Gudger v. Manton, 21 Cal.2d 537, 134 P.2d 217, set forth the following definition of slander to title:

"One who, without a privilege to do so, publishes matter which is untrue and disparaging to another's property in land, chattels or intangible things under such circumstances as would lead a reasonable man to foresee that the conduct of a third person as purchaser or lessee thereof might be determined thereby is liable for pecuniary loss resulting to the other from the impairment of vendibility thus caused." (At page 541 of 21 Cal.2d, at page 220 of 134 P.2d, citing Rest.Torts, § 624).

Dean Prosser sets forth five basic elements of the tort as the requirements that:

1. The falsehood must be communicated to a third person;

2. The publication and its disparaging innuendo must be plead and proven;

3. The falsity of the matter must be plead as part of the plaintiff's cause of action;

4. The publication must have played a material and substantial part in inducing others not to deal with plaintiff; and

5. The plaintiff must have suffered special damage as a result.

the Huber & Goodwin certificate of acknowledgment, or either of them is false, and no one has considered the effect of

these certificates of acknowledgment, if in fact either one or both of them are legal and proper.

264

See Prosser on Torts, 2d Ed., 1955, p. 764 et seq. Aside from the question of privilege (e. g., see Albertson v. Raboff, 46 Cal.2d 375, 295 P.2d 405), the gravamen of the action is the disparaging "innuendo" or "imputation" of matter that is without legal foundation and hence, false (*Gudger v. Manton, supra;* Phillips v. Glazer, 94 Cal.App.2d 673, 677–678, 211 P.2d 37; cf.: Kalajian v. Nash, 148 Cal.App.2d 495, 306 P.2d 921; Rest. Torts, § 629).

 Plaintiff contends that it was the untrue acknowledgment, and not the valid contract, which cast doubt on the plaintiff's title to the property, and thus caused the delay in the sale. Plaintiff must, of necessity, take this position for he had no legally protectible interest which could be disparaged by the publication of the valid contract. Truth does not disparage (Restatement of Torts, § 634; cf.: Phillips v. Glazer, supra). But in setting forth his claim in this fashion, plaintiff misconceives the role of a certificate of acknowledgment. It, by definition, bears no relation to legal interests in property, but serves only to lend to the document, to which it is affixed, the aura of authenticity. As such, the false certificate of acknowledgment, by itself, could impart no disparaging imputation or innuendo against plaintiff's interests in the timber. To conclude otherwise would be to indulge in a series of tenuous syllogisms unwarranted by the California law.

 Furthermore, on the facts alleged by plaintiff, no legally protectible interest was lost by him as a result of defendants' activities. His rights against the defendants were no greater before the certificate of acknowledgment was drafted, or before the recordation of the contract, than they were after. That the defective recordation of the Barnes's contract hastened the discovery by plaintiff's prospective vendee of its existence, is of no aid to plaintiff; all that he lost as a result of such recordation was his power to conceal the existence of the Barnes's contract, which, so far as the record shows, was valid and binding as between the parties to it.

This Court cannot see how under any such circumstances a "loss" could be compensable.

It is, therefore, ordered that plaintiff's complaint, and the cause of action sought to be set forth therein, be, and the same are, hereby dismissed. Defendants will prepare and lodge with the Clerk of this Court all papers and documents necessary for the final disposition of this matter.