**Bernard KIRSCH, Plaintiff,**

v.

**George BARNES, Milton L. Huber, G. Edward Goodwin, Milton L. Huber & G. Edward Goodwin, a co-partnership, doing business as Huber & Goodwin, Defendants.**

**Civ. 7477.**

United States District Court
N. D. California, N. D.

Dec. 18, 1957.

672

David Livingston, Harold R. Farrow, James R. Mansfield and Robert R. Barton, San Francisco, Cal., for plaintiff.

Hill & Hill, Eureka, Cal., for defendant, George Barnes.

Philip C. Wilkins, Sacramento, Cal., for defendants, Milton L. Huber and G. Edward Goodwin.

HALBERT, District Judge.

This Court by its Memorandum and Order of June 24, 1957 (153 F.Supp. 260), dismissed plaintiff's original complaint and the cause of action sought to be set forth therein. Plaintiff has now filed a motion seeking permission to file an amended complaint in this action.

The facts, which the original complaint alleged to exist, are set forth at length in this Court's earlier Memorandum and Order. The complaint now sought to be filed contains no allegations which materially affect the factual composition as previously set forth. Only the emphasis is shifted. Specifically, the same logging contract, the same parties, the same acts, and the same consequences are involved. Plaintiff's theory of his case has been more clearly defined, however, and, because of that improvement, both the proposed amended complaint and the theory warrant careful analysis.

Preliminarily, there must be a disposition of certain procedural assertions of plaintiff. First, it is not the

law that a party may amend his complaint as a matter of right under Rule 15(a), Federal Rules of Civil Procedure, 28 U.S.C.A., after the Court has entered an order dismissing the original complaint and the cause of action sought to be set forth in it, and this is true even though the "motion to dismiss" is not properly denominated a "responsive pleading" (See: Kelly v. Delaware River Joint Commission, 3 Cir., 187 F.2d 93, 94). On the contrary, the Court is given a large measure of discretion under such circumstances, and leave to file an amended complaint should not properly be granted unless new facts are made to appear which would remedy the defects contained in the previous complaint (Ginsburg v. Stern, D.C.W.D.Pa., 19 F. R.D. 238, 241; and cf.: Sidebotham v. Robison, 9 Cir., 216 F.2d 816, 826). The duty of the Court on this motion, then, is to determine whether the proposed amended complaint states a cause of action, and thus, is entitled to filing.

Plaintiff has once again attempted to bring himself within the rule of Gudger v. Manton, 21 Cal.2d 537, 134 P.2d 217. In that case it was held that the unjustified levy on a husband's separate property of an execution, issued as the result of a judgment obtained against his wife, constituted a disparagement of the husband's title, even though the underlying judgment was valid. Plaintiff here asserts that, even though the underlying contract between defendants and himself was valid, and therefore did not slander his title, the recordation of that contract created the false imputation or innuendo that the contract affected plaintiff's title to the timber. At the heart of plaintiff's theory in this connection is his contention that the recordation could not have been accomplished but for the false notarial certificate of acknowledgment.

As noted in this Court's previous opinion, no cause of action can be based on the falsity of the notarial certificate alone unless the underlying instrument itself is invalid for some reason (153 F. Supp. at page 263). The distinction between the instant case and the case of

Greeninger v. New Amsterdam Casualty Co., 152 Cal.App.2d ——, 313 P.2d 607, which plaintiff asserts controls the case at bar, is that in Greeninger the underlying instrument to which the notarial certificate was affixed was procured by fraud, whereas, in the instant case, no assertion has ever been made that there is any doubt as to the validity of the underlying contract between plaintiff and defendants.

Hence, plaintiff's motion must stand or fall on whether the implication arising from the recordation of the contract that the contract affected plaintiff's title to the timber was an imputation or innuendo lacking in legal foundation so as to be actionable under the California law (See this Court's discussion of this requirement in 153 F.Supp. 263, at page 264). The resolution of this issue depends upon the legal nature of the contract involved in this litigation, which is a question of law, and one which would have to be determined by the Court, either now or at some future point in the proceedings. Nothing will be gained by delay, so the issue may as well be resolved at this time.

Under the terms of this contract (a copy of which is appended to plaintiff's original complaint as Exhibit "A"), defendant Barnes was given the right to log, cut and market all of the "Prairie Creek" timber which was owned by plaintiff. Barnes was given, in short, complete control over the logging operations. Defendants, Huber & Goodwin, individually, and as a co-partnership, were required to handle the receipts and disbursements of funds arising from the transaction, and to give monthly accountings thereof. Plaintiff received a stipulated price per board foot of timber taken, and in addition, a certain specific percentage of the net proceeds of the operation. Each of the other parties to the contract received a specific percentage of the net proceeds of the operation. The expiration date of the contract was set as May 4, 1958.

This contract was unquestionably one in which the right to cut, re-move and market timber was transferred, which is in the nature of a contract for the sale of goods (Ascherman v. McKee, 143 Cal.App.2d 277, 282–283, 299 P.2d 367; Palmer v. Wahler, 133 Cal.App.2d 705, 711, 712, 285 P.2d 8). The right to remove timber under such a contract is characterized as a chattel real within the meaning of § 765 of the California Civil Code, that is, an interest akin to a term for years (Palmer v. Wahler, supra; and cf. Dabney v. Edwards, 5 Cal.2d 1, 6–11, 53 P.2d 962, 103 A.L.R. 822). A chattel real under § 765 of the California Civil Code, even though characterized as a personal property right, by itself, nevertheless is considered an estate or interest in the particular property it affects within § 761 of the California Civil Code (German-American Savings Bank v. Gollmer, 155 Cal. 683, 686, 687, 102 P. 932, 24 L.R.A.,N.S., 1066). As such, it unquestionably affects the title to, or the possession of, real property within the meaning of § 27280 of the California Government Code, and, thus, is entitled to recordation.

Furthermore, it has been specifically held that the recordation of a contract involving the right to remove timber within a specified period of time is not only proper, but will serve to constitute constructive notice to subsequent purchasers (Mallett v. Doherty, 180 Cal. 225, 229, 180 P. 531, 15 A.L.R. 19). The Court is, therefore, of the view that since contracts such as that which is here involved do affect the title to the land and the timber standing thereon, no false innuendo or imputation arose from the fact of recordation, even though the recordation, itself may have been, or actually was, technically improper. Without such a false innuendo or imputation, the plaintiff's claim remains within the scope of the decision announced by this Court on June 24, 1957 (153 F.Supp. 260).

Under the rules, which have been set forth by this Court, in its previous Memorandum, and in this Memorandum, the plaintiff failed to state a cause of ac-

**674**

tion against the defendants in his initial complaint. Now, after careful study and reflection upon the subject, the Court is of the view that plaintiff simply cannot get himself over the legal barrier, which the facts asserted by plaintiff himself, have placed in front of him. This conclusion has been reached after examining and accepting as true, for the purposes of these proceedings, the allegations set forth in the Amended Complaint For Money, which plaintiff, by the instant motion, seeks to file in this action.

It Is Therefore, Ordered that plaintiff's motion for leave to file his Amended Complaint For Money in this action be. and the same is, hereby denied.