[Civ. No. 6689.   Fourth Dist.   May 17, 1962.]

FLEETWOOD H. SOUTHCOTT, JR., et al., Plaintiffs and Appellants, v. PIONEER TITLE COMPANY, Defendant and Respondent.

Ellis D. Reiter, Francis M. Reiter and Robert J. Sullivan for Plaintiffs and Appellants.

Allen C. McGurk, James F. Healey, Jr., Donald J. Burdine, Arthur G. Bowman and John R. Engman for Defendant and Respondent.

SHEPARD, Acting P. J.—This is an appeal by plaintiffs from a judgment of dismissal entered after plaintiffs' refusal to amend following demurrer sustained to complaint.

## THE PLEADING

In substantial essence the complaint alleges: defendant's corporate being; plaintiffs' ownership of an undivided one-half interest in certain described land; acquisition of said title from F. H. Southcott, Sr., father of plaintiff F. H. Southcott, Jr., by deed dated December 20, 1948, and recorded August 29, 1949; execution of a contract dated February 7, 1953, recorded February 15, 1953, by which said father and wife agreed not to convey the remaining half-interest in said land to anyone other than plaintiff son and that the said son would be sole heir thereto; that October 20, 1955, one Louis R. Kern negotiated purchase of the land from said father and opened an escrow with defendant; that defendant prepared all escrow instructions, deeds and other documents used in opening and closing of said escrow; that defendant ignored the deed of December 20, 1948, and the agreement of February 7, 1953; that the escrow was closed and said Kern took exclusive possession of all said land with knowledge of plaintiffs' title and without the knowledge and consent of plaintiffs; that plaintiffs on December 29, 1955, commenced an action entitled, *Fleetwood H. Southcott, Jr., et al.* v. *F. H. Southcott, etc., et al.* to determine plaintiffs' interest in said land, in which action judgment was on July 17, 1957, rendered that plaintiffs own an undivided one-half interest in said land; that the value of the one-half interest is $40,000; that plaintiffs, on March 7, 1958, commenced an action in partition against said father, Louis R. Kern, et al., and judgment was entered June 23, 1959, determining the rights of the parties thereto to said land; that by reason of defendant's acts plaintiffs cannot acquire by succession the one-half interest of said father to plaintiffs' damage in the sum of $40,000; that by reason of defendant's acts, plaintiffs were required to and did file the actions of December 29, 1955, and March 7, 1958, to their expense and damage in the sum of $3,000   Plaintiffs prayed for general damage of $40,000 and special damage of $3,000.

Defendant demurred on the grounds that no cause of action

was stated by the complaint in that it appears to be barred by the provisions of Code of Civil Procedure sections 339, 338 (subds. 2, 4) and 343. There was also raised in the briefs to the trial court the point that no cause of action whatever is stated. This point was argued at length by both counsel without objection and was ruled on by the trial court. It is likewise raised and discussed at length by both counsel on this appeal. The demurrer was sustained on the ground that the complaint stated no cause of action and on the further ground that it appeared to be based on negligence and was therefore also barred by the provisions of Code of Civil Procedure section 339. Leave to amend within 15 days was granted. Plaintiffs failing to amend within 15 days after notice, defendant moved on notice to dismiss. The motion was granted two months and ten days after notice of ruling on demurrer. No contention is made that ample time to amend was not given.

### SUFFICIENCY OF COMPLAINT

On this appeal plaintiff contends that the action is one for disparagement of title, commonly known under the phrase, ''Slander of title,'' and that the complaint sufficiently sets forth a cause of action thereunder. To the trial court plaintiffs said,

''The case at bar is one for damages to plaintiffs suffered by reason of the defendant title company's misapprehension of plaintiffs' title in ignoring the recorded deed and recorded agreement. . . .''

''Analyzing the complaint at bar, it is to be noted that the gravamen of the cause of action stated is a tortious act of negligence on the part of defendant causing an outright loss to plaintiffs of title to one-half undivided interest in the property involved.''

The essence, then, of plaintiffs' representation to the trial court was that this case is one for damages because of defendant's ''misapprehension of plaintiffs' title''; that ''the gravamen of the cause of action stated is a tortious act of negligence''; that the theory of ''slander of title'' ''does not quite fit the nature of the cause before the court.'' Having thus advanced persuasion to the trial court that section 338 (subd. 7), Code of Civil Procedure did not apply because the ''slander of title'' theory of action did not fit, and the trial court having so decided, plaintiffs now seek to persuade this court that both plaintiffs and trial court were wrong and that

"slander of title" should now be adopted as the cause of action.

■ "Slander of title" is a tortious injury to property resulting from unprivileged, false, malicious publication of disparaging statements regarding the title to property owned by plaintiff, to plaintiff's damage. (*Gudger* v. *Manton,* 21 Cal.2d 537, 541 [1a], 544 [5], 552-555 [19-21] [134 P.2d 217]; *Smith* v. *Stuthman,* 79 Cal.App.2d 708, 709 [1] [181 P.2d 123]; *Albertson* v. *Raboff,* 46 Cal.2d 375 [295 P.2d 405]; *Contra Costa County Title Co.* v. *Waloff,* 184 Cal.App.2d 59, 66, 67 [4, 6, 7] [7 Cal.Rptr. 358]; *Kalajian* v. *Nash,* 148 Cal. App.2d 495, 500 [306 P.2d 921]; *Coley* v. *Hecker,* 206 Cal. 22, 27 [3], 28 [272 P. 1045]; *Edwards* v. *Burris,* 60 Cal. 157, 161; see also *Fearon* v. *Fodera,* 169 Cal. 370, 380 [148 P. 200, Ann. Cas. 1916D 312]; *Bybee* v. *Fairchild,* 75 Cal.App.2d 35, 41-43 [170 P.2d 54]; *Phillips* v. *Glazer,* 94 Cal.App.2d 673, 677 [2] [211 P.2d 37].)

A careful reading of plaintiffs' complaint at once discloses fatal inconsistencies between the necessary elements of an action for "slander of title" and plaintiffs' complaint. In appellant's brief, intimations are made that a deed was made from Southcott, Sr., to Kern; that defendant made a false report on title and that the said suggested deed was recorded by defendant. However, the complaint contains no such allegations. ■ There is no allegation that defendant ever made a title report to any one. There is no allegation that Southcott, Sr., and wife ever signed any of the documents plaintiff alleges defendant "prepared." Preparation of documents in the sense set forth in the complaint could only mean that the documents were written out so that the principals might sign and utilize them if so desired. It certainly does not connote completion nor execution. ■ There is no allegation that defendant ever recorded or otherwise published any information to anyone about the title. "Closing" an escrow can be and is frequently done in dozens of other ways than by recordation or publication of title documents. This court would be naive indeed if it did not know that "closing" an escrow is a term commonly used to denote final termination and that this may be done by withdrawal of all documents, part of the documents, failure to deposit necessary funds, or agreement of parties to proceed no further, etc. "Closing" certainly is not synonymous with "recording," "delivery," or "publication," although, of course, those acts do sometimes happen as incidents of carrying out instructions, if such instructions

are given by one or both parties. Here no instructions were alleged. In view of the complete absence of these allegations, the allegation that defendant "ignored said deed and agreement" means nothing, as it is not connected to any act of recordation or other publication of anything defamatory of plaintiffs' alleged title. Likewise, the assumption of exclusive possession by Kern falls in the same category as it is not accompanied by any allegation of delivery of a deed or other document by defendant to Kern or anyone else. Kern, under the allegations of the complaint, may have had no title or may have received title from other sources.

As to the claim of $40,000 damage for loss of a one-half interest in the property we are also confronted with a failure to allege facts from which this or any other court could deduce that plaintiffs' alleged loss of that interest in any way resulted from any act of defendant. On the contrary, that loss, if it occurred, affirmatively appears to have resulted from the voluntary act of some one else, possibly Southcott, Sr., and wife. Furthermore, while it is alleged that the second action resulted in a stipulated judgment, it is not alleged what the stipulated judgment defined the rights to be. Inferentially, from plaintiffs' statement that they lost all right to secure that one-half interest the judgment must have been that plaintiffs had no such interest.

All these deficiencies were called to plaintiffs' attention in the trial court. They had ample time to correct the complaint if they could truthfully do so. They did not see fit to amend. We are forced to conclude that they could not truthfully supply the missing elements.

Since there was no privity of contract between plaintiffs and defendant, no discussion of a possible cause of action based on contract is necessary. Plaintiffs have made no attempt to argue any other possible cause of action within the allegations of the complaint. We perceive none.

Since no cause of action was stated on any ground, any discussion of the application of a statute of limitations would be futile.

The judgment is affirmed.

Coughlin, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied July 11, 1962.