Filed 3/30/15  Smith v. County of Alameda CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

<table>
<tr><td>

VAN SMITH, as Administrator, etc.,

     Plaintiff and Appellant,

v.

COUNTY OF ALAMEDA,

     Defendant and Respondent.

</td><td>

A142436

(Alameda County
Super. Ct. No. RG13689329)

</td></tr>
</table>

Plaintiff Van Smith, in his capacity as the "Administrator of the Jerlyn L. Smith Trust," appeals in propria persona from a judgment of dismissal after the trial court sustained a demurrer without leave to amend.  Smith claims that defendant County of Alameda (County) wrongfully recorded a deed that was not in proper form, resulting in the loss of property formerly owned by the trust.  In fact, judicially noticeable documents confirm that the property was sold in a foreclosure sale and that the County properly fulfilled its ministerial function to record the deed reflecting the sale.  We affirm the judgment of dismissal.

**FACTUAL AND PROCEDURAL BACKGROUND**

This case concerns a parcel of real property located in Oakland (the property).  The property was formerly owned by the Jerlyn L. Smith Trust but was sold in a foreclosure sale at a public auction in November 2012.  This turn of events has prompted Smith to file multiple legal actions against the County challenging the recordation of the deed in an apparent attempt to undo the effect of the foreclosure sale.

Smith's first complaint against the County challenging the recordation of deeds was filed in July 2013 in case number RG13687543 (*Smith I*). In an amended complaint filed in *Smith I*, Smith alleged "wrongful cancellation of deed #2012413977" as the sole cause of action. Smith also sought to apply Government Code section 27203.5, which allows an aggrieved party to recover treble damages when the County Recorder willfully and maliciously commits certain acts, such as altering records or refusing to record an instrument. (See Gov. Code, § 27203.) The County moved for judgment on the pleadings in *Smith I* and sought judicial notice of instrument number 2012413977, which is a "trustee's deed upon sale" recorded in December 2012 that reflects the property had been sold in a foreclosure sale in November 2012. The court granted the motion for judgment on the pleadings and dismissed the action, noting there was no allegation the County engaged in any wrongful act or that any of its agents or employees violated Government Code section 27203.5. Judgment was entered in *Smith I* in February 2014.

Shortly after Smith filed his original lawsuit in *Smith I*, he filed a nearly identical lawsuit in case number RG13689329 in his capacity as administrator of the Jerlyn L. Smith Trust. He alleged "wrongful cancellation of deed #2012413977," purported to assert a cause of action for "intentional tort," sought punitive damages, and asked to apply Government Code section 27203.5. In his capacity as administrator of the Jerlyn L. Smith Trust, Smith filed five additional lawsuits against the County premised upon similar allegations concerning the recording of deeds.

In April 2014, the trial court ordered all six pending cases consolidated, directed that case number RG13689329 be the lead case, and directed all subsequent filings to be filed in that case only. The court noted that judgment had previously been entered in *Smith I*, which was not consolidated with the other six cases. The court ordered Smith to file a single complaint—to be denominated the third amended complaint—encompassing all of his claims.

Smith filed the operative, third amended complaint (hereafter complaint) against the County on May 14, 2014. The only allegation of wrongdoing by the County was its purported general negligence "in recording Instrument #2012413977." Smith alleged the

2

instrument was not sealed or acknowledged.  The remaining allegations of the complaint concern damages and requested remedies, including claims for lost rents and for personal property purportedly taken by the new owner of the property.  Among other things, Smith requests that the court apply Government Code section 27203.5 and "quiet titles" to various instruments "per Penal Code § 115(a)(b)."  The instruments listed by document number are deeds recorded at various times with respect to the property.

The County demurred to the complaint and asked the court to take judicial notice of the judgment in *Smith I* as well as various deeds pertaining to the property that had been recorded.  Included in the documents subject to judicial notice was instrument number 2012413977—the trustee's deed upon sale recorded in December 2012.  The County asserted that Smith's complaint was barred by the doctrine of res judicata because the fundamental claim in both *Smith I* and this action was that the County wrongfully recorded deeds pertaining to the property and that the Smith family lost its home as a result of the wrongful recordation.  The County also alleged that the complaint failed as a matter of law because the deed at issue—instrument number 2102413977—met the criteria for being recorded and was not inadequately sealed or acknowledged.

The trial court granted the County's request for judicial notice, sustained the demurrer without leave to amend, and dismissed the action.  This appeal followed.

## DISCUSSION

On review of an order sustaining a demurrer without leave to amend, we exercise independent judgment in assessing whether the complaint states a cause of action as a matter of law.  (*Walgreen Co. v. City and County of San Francisco* (2010) 185 Cal.App.4th 424, 433.)  " ' "We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.]  We also consider matters which may be judicially noticed." ' " (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.)  When a demurrer is sustained without leave to amend, we reverse if there is a reasonable possibility an amendment could cure the defect.  (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865.)

3

The crux of Smith's complaint is that the County should not have accepted for recording the trustee's deed upon sale reflecting the foreclosure sale of the property. He contends the deed is defective because it does not bear a seal and is not properly acknowledged.

Standing alone, these allegations might support a claim for relief. However, in ruling on a demurrer, a court may consider not only the allegations of the operative complaint but also matters that are properly the subject of judicial notice. (*Zelig v. County of Los Angeles, supra,* 27 Cal.4th at p. 1126.) Here, pursuant to Evidence Code section 452, subdivision (c), the County appropriately requested that the court take judicial notice of the deed precisely as it was recorded in the County Recorder's Office. It is well established that a court may take judicial notice of recorded deeds, which evidence official acts of an executive agency. (*Evans v. California Trailer Court, Inc.* (1994) 28 Cal.App.4th 540, 549.) Further, the deed was attached as an exhibit to various complaints Smith had filed during the course of the underlying litigation. Under the circumstances, it was appropriate for the court to grant the request for judicial notice and examine the deed as recorded to ascertain whether it was notarized or otherwise met the standards for recordation.

Smith contends the deed states on its face that it is "unofficial" and is therefore not properly the subject of judicial notice. We disagree. The overlay on the face of the deed stating that it is an "unofficial document" simply reflects that the document presented to the court is a copy and not an original deed. While the copy may be unofficial, it still accurately reflects what is contained in the official record maintained by the County. Indeed, the County's Assistant Clerk-Recorder submitted a declaration under penalty of perjury stating that the "document exists exactly as submitted by the County in the Clerk-Recorder's files."

Turning to the question of whether the deed was properly notarized, Smith relies on the principle under California law that "an acknowledgment certified by a notary is a prerequisite to the recordation of the underlying instrument." (*Kirsch v. Barnes* (N.D.Cal. 1957) 153 F.Supp. 260, 263.) In this case, a simple examination of the deed

shows that it was notarized on page three. The acknowledgment on page three indicates that the foreclosure trustee personally appeared before a notary public on December 6, 2012. The acknowledgment bears the notary's signature as well as the notary's official seal. The acknowledgment is sufficient on its face.

Smith makes a number of arguments as to why we should disregard the acknowledgment, all of which are meritless. First, he contends the notarization is not lawful because it is attached to the deed rather than being included within it. He appears to be referring to the fact that the notary did not use the preprinted acknowledgment included as part of the deed but instead attached a separate document to the deed containing the acknowledgment. The notary complied with the law in attaching the acknowledgment to the deed. Under Civil Code section 1188, "[a]n officer taking the acknowledgment of an instrument shall endorse thereon *or attach thereto a certificate.*" (Italics added.)

Smith also complains that the acknowledgement is defective because it was notarized by a notary that was appointed outside Alameda County. The argument fails because state law expressly provides that once the Secretary of State appoints and commissions an individual as a notary public, that person "may act as such notaries in any part of this state." (Gov. Code, § 8200.) Consequently, it is of no consequence that the notary who acknowledged the deed was commissioned outside of Alameda County.

As best as we can tell, Smith appears to argue that page three of the deed as offered by the County is not the "real third page" of the deed. Insofar as Smith is arguing that the County falsified page three of the deed, the claim is patently meritless. In addition to the fact that the Assistant Clerk-Recorder verified that the deed presented for judicial notice was exactly the same as the document recorded by the County, the acknowledgment that Smith now contends is not genuine was submitted by Smith himself as part of exhibits to three of the complaints he filed in the trial court.

Under California law, a county recorder is bound to accept for recordation documents that meet certain requirements, including that they contain sufficient information to be indexed as provided by statute, meet the recording requirements of state

5

statutes and local ordinances, and are photographically reproducible. (Gov. Code, § 27201, subd. (a).) Except for the claim that the deed in this case did not contain a proper acknowledgment—which is demonstrably false as confirmed by judicially noticeable documents—there is no allegation that the deed failed to satisfy the requirements that would compel the county recorder to accept it for recordation. Moreover, a county recorder may not refuse to record an instrument "on the basis of its lack of legal sufficiency." (Gov. Code, § 27201, subd. (a).) In other words, it is not the recorder's responsibility to pass judgment on whether an instrument is fraudulent or was legitimately drawn up as long as it meets the criteria for recordation on its face. (*Jackson v. County of Amador* (2010) 186 Cal.App.4th 514, 521–522.)

Because the deed in this case appears to bear a valid acknowledgment and notarization, the recorder would have acted unlawfully by refusing to record the deed. In effect, Smith has attempted to sue the County because the recorder did his job competently. Consequently, the claim that the County wrongfully recorded the deed fails as a matter of law.[1]

As a final matter, we consider whether the trial court acted within its discretion in sustaining the demurrer without leave to amend. Smith bears the burden of establishing a reasonable probability that an amendment could cure the defects in his complaint. (See *Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 44.) Because Smith has offered no allegations to support the possibility of amendment and no legal authority showing the viability of new causes of action, we discern no abuse of discretion in denying leave to amend.

### DISPOSITION

The judgment is affirmed. Respondent shall be entitled to recover its costs on appeal.

---

[1]In light of our conclusion, it is unnecessary to consider whether the application of res judicata principles provides a separate and sufficient ground for dismissing the complaint.

6

_____
McGuiness, P.J.

We concur:


_____
Pollak, J.


_____
Jenkins, J.