**ORDERED PUBLISHED**

## UNITED STATES BANKRUPTCY APPELLATE PANEL

### OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. CC-11-1189-HKiMk |
| HUMBERTO CEDANO, | Bk. No. SV 10-18618 GM |
| Debtor. | Adv. No. SV 10-01534 GM |

HUMBERTO CEDANO,

               Appellant,

v.

**O P I N I O N**

AURORA LOAN SERVICES, LLC;
DEUTSCHE BANK TRUST COMPANY
AMERICAS; THE RALI SERIES
2007-QH8 TRUST; SCME MORTGAGE
BANKERS, INC.; MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC.; CAL-WESTERN
RECONVEYANCE CORP.,

               Appellees.

Argued and Submitted on February 24, 2012
at Pasadena, California

Filed - April 9, 2012
Ordered Published - April 17, 2012

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Geraldine Mund, Bankruptcy Judge, Presiding

Appearances:    Richard Tobin Baum argued for Appellant Humberto
Cedano. Justin Donald Balser, of Akerman
Senterfitt LLP, argued for Appellees Mortgage
Electronic Registration Systems, Inc.; Deutsche
Bank Trust Company Americas; Aurora Loan Services
LLC; and The RALI Series 2007-QH8 Trust.

Before:  HOLLOWELL, KIRSCHER, and MARKELL, Bankruptcy Judges.

HOLLOWELL, Bankruptcy Judge:

This appeal challenges the bankruptcy court's dismissal, pursuant to Civil Rule 12(b)(6),[1] of the debtor's adversary proceeding alleging wrongful foreclosure of his residence, slander of title, professional negligence by the foreclosing trustee in failing to ascertain the validity of the underlying loan documents, and seeking cancellation of the trustee's deed upon sale and to quiet title. We AFFIRM.

## I.  FACTS

A.  Background

On January 25, 2007, the Debtor executed a $444,000 promissory note in favor of SCME Mortgage Bankers, Inc. (SCME) (the Note). The Note was secured by a deed of trust (DOT) on the Debtor's residence in Canoga Park, California (the Property). The DOT named Stewart Title of San Diego (Stewart Title) as the trustee, and Mortgage Electronic Registration Systems (MERS) as beneficiary and nominee for SCME as the lender, the lender's successors and assigns. By the terms of the DOT, MERS could exercise the rights granted to the lender (and the lender's successors and assigns), including the right to foreclose on the Property. Additionally, the DOT allowed MERS to appoint a successor trustee. The Note and DOT were recorded February 7, 2007. The Note was endorsed in blank by SCME.

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. The Federal Rules of Bankruptcy Procedure, Rules 1001-9037, are referred to as "Rules." The Federal Rules of Civil Procedure are referred to as "Civil Rules."

SCME subsequently assigned the Note to Rali Series 2007-QH8 Trust (Rali Trust) as part of a securitization process, which included a Pooling and Servicing Agreement (PSA). Deutsche Bank Trust Company (Deutsche Bank) is the trustee of the Rali Trust.[2] Aurora Loan Services LLC (Aurora), servicer for Deutsche Bank, replaced Homecomings Financial, LLC as the servicer of the Note in May 2008.

On August 13, 2009, MERS executed a Substitution of Trustee to substitute Cal-Western Reconveyance Corporation (Cal-Western) as the trustee under the DOT. The Substitution of Trustee was subsequently recorded on September 28, 2009. Before the Substitution of Trustee was recorded, on August 18, 2009, Cal-Western executed a Notice of Default and Election to Sell Under Deed of Trust (NOD); the NOD was recorded the following day. In the NOD, Cal-Western identified itself as the trustee, duly appointed substituted trustee, or agent for MERS as the beneficiary of the DOT.

---

[2] It is not clear from the facts in the record whether the Note was actually included in the Rali Trust. There is no assignment of the Note from SCME to Deutsche Bank included the record. The Debtor contends that the Note was never perfected into the PSA and it is, therefore, "unlikely that this Trust ever became the owner of [the Note] or Deutsche was properly authorized to act as trustee."

However, because the Note was endorsed in blank, it is a bearer instrument. Cal. Comm. Code § 3205(b); In re Aniel, 427 B.R. 811, 815-16 (Bankr. N.D. Cal. 2010). Therefore, whoever has possession may enforce the Note. Cal. Comm. Code § 1201(b)(21); (b)(5). Again, the record provides no information about who held the Note when nonjudicial foreclosure proceedings were commenced, but as explained later in this memorandum, whoever held the Note is not material to deciding the issues on appeal.

The Debtor was directed to contact MERS c/o Cal-Western to find out the payoff amount or to make arrangements to stop the foreclosure.  Additionally, the NOD provided that:

> the mortgagee, beneficiary or authorized agent for the mortgagee or beneficiary pursuant to California Civil Code § 2923.5(b) declares that the mortgagee, beneficiary or the mortgagee's or beneficiary's authorized agent has either contacted the borrower or tried with due diligence to contact the borrower as required by California Civil Code § 2923.5.

Cal-Western recorded a Notice of Trustee's Sale on November 20, 2009, notifying the Debtor that the Property would be subject to a public auction scheduled for December 10, 2009 (Notice of Sale).

In December 2009, Aurora and the Debtor entered into a loan modification agreement for a trial period, which suspended the foreclosure sale.  However, after the trial period ended, Aurora terminated the loan modification agreement.  The foreclosure of the Property occurred on July 13, 2010.  Aurora was the successful bidder at the public auction.  The Debtor filed for chapter 13 relief on July 15, 2010.  Aurora obtained retroactive relief from stay to validate the recording of the sale of the Property.  On July 29, 2010, Cal-Western executed the Trustee's Deed Upon Sale and conveyed the Property to Aurora.

B.   The Adversary Proceeding

On December 10, 2010, the Debtor initiated an adversary proceeding by filing a complaint (Complaint) against Aurora, Deutsche Bank, the Rali Trust, SCME, MERS and Cal-Western (collectively, the Defendants) alleging six causes of action:

(1) wrongful foreclosure, asserting that none of the Defendants were "persons entitled to enforce" the Note and therefore, had no right under Cal. Comm. Code § 3301 or Cal. Civ.

-4-

Code § 2924 to declare a default or to foreclose on the Property; and, furthermore, that MERS and Cal-Western failed to comply with procedural requirements, including Cal. Civ. Code § 2923.5, for initiating the foreclosure;

(2) cancellation of the NOD, Substitution of Trustee, Notice of Sale, and Trustee's Deed Upon Sale based on MERS' and Cal-Western's lack of authority to initiate the foreclosure process;

(3) slander of title based on the Defendants' wrongful recording of the NOD, Notice of Sale and Trustee's Deed Upon Sale, and wrongful foreclosure;

(4) quiet title of the Property as to the Debtor and against the claims of Aurora to the Property;

(5) breach of contract based on Aurora's termination of the loan modification agreement;

(6) professional negligence against Cal-Western for its failure to ascertain the validity of the foreclosure documents to protect the trustor's interest.

On January 13, 2011, Cal-Western filed a motion to dismiss the Complaint for failure to state a claim upon which relief could be granted. Cal-Western asserted there was no merit to claims (1)-(4) and (6) because Cal-Western and the other Defendants complied with applicable California law in conducting the foreclosure sale and because the Debtor failed to allege an ability or willingness to tender the amount of his indebtedness. Additionally, Cal-Western argued that the Debtor did not have standing to assert his breach of contract claim.

On February 2, 2011, Aurora, Deutsche Bank, and MERS also filed a motion to dismiss for failure to state a claim. Like Cal-Western, Aurora, Deutsche Bank and MERS asserted that the Debtor's claims failed because the foreclosure complied with applicable California law.

The bankruptcy court issued a tentative ruling prior to a hearing on the motions to dismiss (Tentative Ruling). In its

-5-

Tentative Ruling, the bankruptcy court determined that the Debtor failed to state a wrongful foreclosure cause of action because the allegations and documents demonstrated that the foreclosure was initiated by parties entitled to do so under the terms of the DOT and consistent with California's nonjudicial foreclosure statute, Cal. Civ. Code § 2924.

Nevertheless, the bankruptcy court did find that the Debtor alleged sufficient facts to support a claim that the Defendants failed to contact him prior to foreclosure as required under Cal. Civ. Code § 2923.5. In reaching its decision, the bankruptcy court rejected the position, set forth by other California courts, that once a foreclosure sale has occurred, a violation of Cal. Civ. Code § 2923.5 is not actionable. Furthermore, the bankruptcy court determined that the Debtor did not need to establish tender to support a claim under Cal. Civ. Code § 2923.5. The bankruptcy court determined that the Debtor alleged sufficient facts to state a cause of action to cancel the Trustee Deed Upon Sale and other instruments based on its conclusion that the Debtor's Cal. Civ. Code § 2923.5 claim was viable.

Also in its Tentative Ruling, the bankruptcy court found that the Debtor failed to plead all the elements required to state a cause of action for slander of title or to quiet title, and therefore, dismissed those claims with leave to amend. The bankruptcy court dismissed the Debtor's breach of contract claim with prejudice, holding that there was no private right of action under the Home Affordable Modification Program (HAMP). Finally, the bankruptcy court found that the Debtor stated a sufficient

-6-

claim for professional negligence, again on the basis that the Debtor sufficiently alleged a claim under Cal. Civ. Code § 2923.5.

The bankruptcy court held a hearing on the motions to dismiss on March 9, 2011. At the hearing, the Debtor pressed the arguments, made in his Complaint and briefs, that the Defendants were not entitled to foreclose on the Property. At the close of the hearing, the bankruptcy court announced its decision as outlined in the Tentative Ruling. It allowed the Debtor leave to amend but gave the Debtor the option to elect not to amend the Complaint and have a final judgment of dismissal for purposes of appeal.

On April 8, 2011, the bankruptcy court entered an order granting in part the Defendants' motions to dismiss and allowing the Debtor to amend the Complaint. On April 9, 2011, the Debtor filed a notice of his election to not amend the Complaint. Thereafter, on April 18, 2011, the bankruptcy court entered a Judgment of Dismissal dismissing the adversary proceeding with prejudice. The Debtor timely appealed.

## II. ISSUE

Did the bankruptcy court err in dismissing the Complaint under Civil Rule 12(b)(6)?

## III. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. § 157(b)(2)(A) and § 1334. We have jurisdiction under 28 U.S.C. § 158.

## IV. STANDARDS OF REVIEW

We review de novo the dismissal of a complaint for failure

to state a claim under Civil Rule 12(b)(6). <u>Ta Chong Bank Ltd. v. Hitachi High Techs. Am., Inc.</u>, 610 F.3d 1063, 1066 (9th Cir. 2010). De novo review means we will look at the case "anew, the same as if it had not been heard before, and as if no decision previously had been rendered," and giving no deference to the bankruptcy court's determinations. <u>McComish v. Bennett</u>, 611 F.3d 510, 519 (9th Cir. 2010).

### V. DISCUSSION

A. <u>Standards For Dismissal</u>

Under Civil Rule 12(b)(6) (made applicable by Rule 7012), a court must dismiss a complaint if it fails to "state a claim upon which relief can be granted." In reviewing a Civil Rule 12(b)(6) dismissal, we accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. <u>Maya v. Centex Corp.</u>, 658 F.3d 1060, 1068 (9th Cir. 2011); <u>Newcal Indus., Inc. v. Ikon Office Solutions,</u> 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). However, the court need not accept as true conclusory allegations or legal characterizations cast in the form of factual allegations. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555-56 (2007); <u>Warren v. Fox Family Worldwide, Inc.</u>, 328 F.3d 1136, 1139 (9th Cir. 2003). While the court generally must not consider materials outside the complaint, the court may consider exhibits submitted with the complaint. <u>Durning v. First Boston Corp.</u>, 815 F.2d 1265, 1267 (9th Cir. 1987).

To avoid dismissal under Civil Rule 12(b)(6), a plaintiff must aver in his complaint "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) quoting Twombly, 550 U.S. at 570 (A claim survives Civil Rule 12(b)(6) when it is "plausible."). It is axiomatic that a claim cannot be plausible when it has no legal basis. A dismissal under Civil Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Johnson v. Riverside Healthcare Sys., LP, 534 F.3d 1116, 1121 (9th Cir. 2008).

B.    Wrongful Foreclosure

The Debtor's first cause of action alleged that the Defendants wrongfully foreclosed on the Property for two reasons. First, he alleged the foreclosure was initiated by parties who neither had an interest in the Note nor were authorized by the holders of the Note to undertake foreclosure. Specifically, the Debtor alleged that after the Note was transferred and securitized into the Rali Trust, SCME and MERS had no further authority to act under the DOT because they no longer had any interest in the Note or DOT.

Second, the Debtor alleged the foreclosure was improper because Cal-Western failed to comply with Cal. Civ. Code § 2923.5, which requires a lender to contact a borrower prior to filing a notice of default in order to assess the borrower's financial situation and explore options to avoid foreclosure. For the reasons explained below, we conclude that the Debtor's allegations failed to establish a cause of action for wrongful foreclosure.

1.    Tender

The Defendants argue that the Debtor's wrongful foreclosure

cause of action necessarily failed because the Debtor did not allege that he had the ability to tender. A tender is "an offer of performance made with the intent to extinguish the obligation." Saldate v. Wilshire Credit Corp., 686 F. Supp. 2d 1051, 1059 (E.D. Cal. 2010) (internal citations omitted).

California courts have held that a defaulted borrower is required to allege tender of the amount of the lender's secured indebtedness in order to maintain a cause of action for irregularity in the sale procedure. Id.; see also Lona v. Citibank, N.A., 202 Cal. App. 4th 89, 112 (Cal. Ct. App. 2011) (offer of tender is condition precedent to action to set aside trustee's sale); Alicea v. GE Money Bank, 2009 WL 2136969, at *3 (N.D. Cal. Jul. 16, 2009) (tender essential to cancel voidable sale); Arnolds Mgmt. Corp. v. Eischen, 158 Cal. App. 3d 575, 579 (Cal. Ct. App. 1984) ("A cause of action 'implicity integrated' with the irregular sale fails unless the trustor can allege and establish a valid tender."); Karlsen v. Am. Sav. & Loan Ass'n, 15 Cal. App. 3d 112, 117 (Cal. Ct. App. 1971) (valid and viable tender essential to action to cancel voidable sale under a deed of trust).

Nevertheless, there are a few recognized exceptions to the tender requirement. For example, if the borrower's action attacks the validity of the underlying debt, then tender is not required because it would constitute an affirmation of the debt. Lona, 202 Cal. App. 4th at 112-113. Additionally, there is a general equitable exception that "tender may not be required where it would be inequitable to do so." Sacchi v. Mortg. Electr. Registration Sys., Inc., 2011 WL 2533029, at *10 (C.D.

-10-

Cal. June 24, 2011) (citing <u>Onofrio v. Rice</u>, 55 Cal. App. 4th 413, 424 (Cal. Ct. App. 1997)). Furthermore, tender is not required when the trustor does not rely on equity to attack the deed, such as, where the trustee's deed is void on its face. <u>Lona</u>, 202 Cal. App. 4th at 113; <u>see also</u> <u>Dimock v. Emerald Props. LLC</u>, 81 Cal. App. 4th 868, 878 (Cal. Ct. App. 2000) (sale under the deed of trust by a former trustee was facially void, and therefore tender was not required to sustain a cause of action).

The Complaint alleged that "[a]lthough the Trustee's Deed Upon Sale appears valid on its face, it is invalid and void" because the foreclosure was not authorized by the beneficiary of the Note and DOT. Although "void," "voidable," and "invalid" are often used interchangeably, the "general rule" is that defects and irregularities in a sale render it merely voidable and not void.[3] <u>Little</u>, 188 Cal. App. 3d at 1358. However, substantially defective sales have been held to be void. <u>Id.</u> We must accept facts and reasonable inferences in favor of the Debtor. <u>Maya</u>, 658 F.3d at 1068. Therefore, to the extent the Debtor alleged that the foreclosure was substantially defective because unauthorized persons initiated the procedure, rendering the sale void, he has met one of the exceptions to the requirement of tender. Accordingly, we address whether the Debtor has otherwise stated a claim for wrongful foreclosure.

---

[3] "Void" means to have no legal or binding force; whereas, "voidable" is defined as "that which may be avoided, or declared void." <u>Little v. CFS Serv. Corp.</u>, 188 Cal. App. 3d 1354, 1358 (Cal. Ct. App. 1987) (internal citations omitted). Something is "invalid" when it has no binding force or legal effect. <u>Id.</u>

-11-

### 2. Authorization To Foreclose

The Debtor claims that the foreclosure was improper because the Defendants failed to demonstrate they were "persons entitled to enforce" the Note pursuant to Cal. Comm. Code § 3301. Specifically, the Debtor alleged that Cal-Western did not have the authority to initiate the foreclosure because: (1) there was no evidence that MERS was appointed as a nominee by the holder of the Note prior to the execution of the Substitution of Trustee; or (2) that the current holder of the Note authorized MERS and/or Cal-Western to proceed with the foreclosure.

However, in the context of nonjudicial foreclosure sales, such as here, the Debtor's reliance on Cal. Comm. Code § 3301 is misplaced. Gardner v. Am. Home Mortg. Servicing, Inc., 691 F. Supp. 2d 1192, 1202 (E.D. Cal. 2010); Padayachi v. IndyMac Bank, 2010 WL 4367221, at *3 (N.D. Cal. Oct. 28, 2010); Castaneda v. Saxon Mortg. Servs., Inc., 687 F. Supp. 2d 1191, 1201 (E.D. Cal. 2009). Nonjudicial foreclosure sales are governed by Cal. Civ. Code § 2924. Castaneda, 687 F. Supp. 2d at 1201; Moeller v. Lien, 25 Cal. App. 4th 822, 834 (Cal. Ct. App. 1994); see also Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal), 450 B.R. 897, 917 n.34 (9th Cir. BAP 2011) (noting state law may shape the boundaries of "real party in interest" status and collecting cases where California law gives parties the right to foreclose without interest in the note). California's nonjudicial foreclosure statute provides a "comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust." Lona, 202 Cal. App. 4th at 101; Moeller, 25 Cal. App. 4th at 834 (comprehensive statutory

framework intended to be exhaustive).

Under Cal. Civ. Code § 2924, the party initiating foreclosure proceedings is not required to have a beneficial or economic interest in the note in order to foreclose. Lane v. Vitek Real Estate Indus. Grp., 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010); Castaneda, 687 F. Supp. 2d at 1201 (no requirement that person or entity initiating foreclosure has physical possession of the underlying note); Candelo v. NDex W., LLC, 2008 WL 5382259, at *4 (E.D. Cal. Dec. 23, 2008) (same). Instead, a "trustee, mortgagee, or beneficiary, or any of their authorized agents" may commence the nonjudicial foreclosure process. Cal. Civ. Code § 2924(a)(1).

The Debtor's Complaint and exhibits indicate that the DOT designated MERS as the nominal beneficiary for the lender and the lender's successor's and assigns. The terms of the DOT expressly provided MERS with the right to exercise any or all of the lender's, or the lender's successors' and assigns', rights including the right to foreclose and sell the Property. Additionally, the allegations and documents provided with the Complaint demonstrate that MERS executed a Substitution of Trustee substituting Cal-Western as the trustee under the DOT, which was recorded prior to the sale. Finally, the Complaint and exhibits demonstrate that Cal-Western initiated the nonjudicial foreclosure process by recording the NOD. On the NOD, Cal-Western identified itself as "the trustee, the duly appointed substituted trustee or an agent acting for the trustee or beneficiary" under the DOT.

-13-

a)  MERS

The allegations and documents establish MERS's authority to foreclose on the Property.  As the beneficial nominee for the original lender and the lender's successors and assigns, MERS was an authorized agent of the lender.  As one court explained:

> MERS facilitates the transfer of mortgage interests by providing an electronic tracking system for the mortgage interests registered in its system.  To do this, MERS is the beneficiary of record in a "nominee" capacity for the mortgage lender on all security instruments in its system.  When the lender assigns its beneficial interest to another entity within MERS's electronic system, MERS remains the beneficiary of record for that instrument by serving as nominee for the new beneficial interest holder.  MERS remains the beneficiary of record on the Deed of Trust or mortgage even as the beneficial interest is assigned repeatedly within MERS's electronic system.

Castaneda, 687 F. Supp. 2d at 1195; see also, Gomes v. Countrywide Home Loans, Inc., 192 Cal. App. 4th 1149, 1151 (Cal. Ct. App. 2011) (further explaining the MERS system).  Therefore, the transfer of the Note as part of a securitization process did not affect MERS's right as a nominee under the DOT.  Gomes, 192 Cal. App. 4th at 1157-58; Morgera v. Countrywide Home Loans, Inc., 2010 WL 160348, at *8 (E.D. Cal. Jan. 11, 2010) (collecting cases).  MERS was the nominee under the DOT even after SCME transferred the Note.

The Debtor has not alleged facts that demonstrated MERS was not authorized to initiate foreclosure proceedings.  Rather, he argued only that MERS may not have been authorized since MERS did not submit evidence that it was acting on behalf of whomever was the holder of the Note.  However, as a California court recently held, Cal. Civ. Code § 2924 "does not provide for a judicial action" when the issue is not whether the wrong entity initiated

foreclosure but whether the entity was merely authorized to do so by the owner of the note. Gomes, 192 Cal. App. 4th at 1155-56 ("California's nonjudicial foreclosure law does not provide for the filing of a lawsuit to determine whether MERS has been authorized by the holder of the Note to initiate a foreclosure."); Cruz v. Aurora Loan Servs. LLC (In re Cruz), 457 B.R. 806, 813 (Bankr. S.D. Cal. 2011). As the Gomes court noted, nonjudicial foreclosure proceedings are intended to be less expensive and more quickly concluded, therefore "[t]he recognition of the right to bring a lawsuit to determine a nominee's authorization to proceed with foreclosure on behalf of the noteholder would fundamentally undermine the nonjudicial nature of the process and introduce the possibility of lawsuits filed solely for the purpose of delaying valid foreclosures." Gomes, 192 Cal. App. 4th at 1155.

Furthermore, the Debtor agreed, by executing the Deed of Trust, that MERS had the authority to foreclose on the Property. See id. at 1157 (borrower's agreement that MERS has the authority to foreclose precludes a cause of action premised on the allegation that MERS does not have the authority to do so); Bascos v. Fed. Home Loan Mortg. Corp., 2011 WL 3157063, at *4 (C.D. Cal. July 22, 2011) (same).

b) Cal-Western

The nonjudicial foreclosure process in California is commenced by the recording of a notice of default and election to sell. Here, Cal-Western commenced the process by recording the NOD. "[A]n agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed

-15-

substitution of trustee, or an agent of that substituted trustee" is authorized to record the notice of default or the notice of sale. Cal. Civ. Code § 2924b(b)(4) (emphasis added).

Numerous cases have held that, as the nominee for the lender under a deed of trust, MERS has authority to substitute a trustee. In re Cruz, 457 B.R. at 813; Bascos, 2011 WL 3157063, at *5; Lawther v. Onewest Bank, 2010 WL 4936797, at *6 (N.D. Cal. Nov. 30, 2010) ("Courts in this Circuit have repeatedly recognized that MERS, as a named nominal beneficiary to a Deed of Trust, has the power to make assignments and substitutions under California's statutory foreclosure scheme."). Accordingly, MERS had the authority to substitute Cal-Western as the trustee under the DOT and the documents submitted with the Complaint established Cal-Western's right to initiate the nonjudicial foreclosure process. See, e.g., Putkkuri v. Recontrust Co., 2009 WL 32567, at *2 (S.D. Cal. Jan. 5, 2009) (the trustee of a deed of trust has the right to initiate the foreclosure process).

Nevertheless, the Debtor alleged that Cal-Western was not authorized to file the NOD because the Substitution of Trustee was not recorded when Cal-Western filed the NOD. But, there is no requirement that the Substitution of Trustee be recorded, only that it be executed. Cal. Civ. Code § 2924b(b)(4); Padayachi, 2010 WL 4367221, at *3. Here, the Substitution of Trustee was executed prior to the NOD, authorizing Cal-Western to initiate the foreclosure.

3. Compliance With Cal. Civ. Code § 2923.5

As part of the Debtor's claim for wrongful foreclosure, he alleged that Cal-Western failed to satisfy Cal. Civ. Code

-16-

§ 2923.5 because Cal-Western failed to contact him to assess his financial situation and explore options to avoid foreclosure. Cal. Civ. Code § 2923.5(b) requires a notice of default to include a declaration "from the mortgagee, beneficiary, or authorized agent" of compliance, including that there was an attempt "with due diligence to contact the borrower."

The NOD included the necessary declaration to satisfy Cal. Civ. Code § 2923.5(b). Nevertheless, the Debtor alleged that the declaration was deficient because it contained boilerplate language and was not made under penalty of perjury. However, the language of the declaration may track the statute and there is no requirement that it be made under penalty of perjury. Mabry v. Superior Court, 185 Cal. App. 4th 208, 233 (Cal. Ct. App. 2010).

The Debtor alleged that he was not contacted by the Defendants prior to the filing of the NOD. The Debtor also alleged that he and Aurora agreed to a modification of the loan terms, which forestalled the scheduled foreclosure. The statements are difficult to reconcile.

Even if the facts alleged are taken as true and the Debtor sufficiently established a claim for violation of Cal. Civ. Code § 2923.5, it does not follow, as the Debtor asserts, that the Trustee's Deed Upon Sale is void. Bascos, 2011 WL 3157063, at *5. The sole remedy for a failure to comply with Cal. Civ. Code § 2923.5 is "limited to postponement of an impending foreclosure."[4] Nguyen v. Bank of Am., Nat'l Ass'n, 2011 WL

---

[4] We disagree with the bankruptcy court that a failure to satisfy this section could possibly result in setting aside the
(continued...)

-17-

5574917, at *8 (N.D. Cal. Nov. 15, 2011); <u>Bascos</u>, 2011 WL 3157063, at *6; <u>Hamilton v. Greenwich Investors XXVI, LLC</u>, 195 Cal. App. 4th 1602, 1616 (Cal. Ct. App. 2011). Because the foreclosure sale has already occurred, there is no remedy available to the Debtor. <u>Stebley</u>, 202 Cal. App. 4th at 526 (Cal. Civ. Code § 2923.5 does not provide for damages or for setting aside a foreclosure sale.). Consequently, the Debtor has failed to state a claim for relief under Cal. Civ. Code § 2923.5. In summary, the Debtor was unable to allege facts sufficient to pursue a cause of action for wrongful foreclosure.

C.    Cancellation Of Documents

In his second cause of action, the Debtor alleged that the NOD was invalid, and therefore, the events that followed, such as the Notice of Sale and the Trustee's Deed Upon Sale were also invalid. He sought cancellation of the documents under Cal. Civ. Code § 3412.

"A written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable,

---

[4](...continued)
foreclosure absent an allegation of tender. The exceptions to tender do not apply when there are allegations of mere procedural defects in foreclosure sale proceedings.

Some courts have held that tendering the indebtedness prior to the enforcement of the right under Cal. Civ. Code § 2923.5 is contradictory and would "thwart the very operation of the statute." <u>Sacchi</u>, 2011 WL 2533029, at *10; <u>Mabry</u>, 185 Cal. App. 4th at 225. Those cases held that tender was not required to <u>delay</u> a sale; they did not suggest that tender would not be required <u>post-sale</u>. See <u>Stebley v. Litton Loan Servicing, LLP</u>, 202 Cal. App. 4th 522, 526 (Cal. Ct. App. 2011).

-18-

may . . . [be] canceled." Cal. Civ. Code § 3412; Nguyen, 2011 WL 5574917, at *5. To support his claim, the Debtor reiterated his allegations that MERS and Cal-Western were not authorized to initiate foreclosure, making the instruments void. However, as we determined above, the Debtor failed to sufficiently allege facts demonstrating that MERS and Cal-Western were not authorized to foreclose on the Property. Moreover, a defect in the NOD does not corrupt all subsequent steps in the nonjudicial foreclosure proceeding such that the sale is void.

D.   Slander Of Title

Slander of title is a "tortious injury to property resulting from unprivileged, false, malicious publication of disparaging statements regarding the title to property owned by plaintiff, to plaintiff's damage." Southcott v. Pioneer Title Co., 203 Cal. App. 2d 673, 676 (Cal. Ct. App. 1962). "'The recordation of an instrument facially valid but without underlying merit will give rise to an action for slander of title.'" Nguyen, 2011 WL 5574917, at *7 (citing Stamas v. County of Madera, 2011 WL 2433633, at *14 (E.D. Cal. June 14, 2011)). To establish a claim for slander of title, a plaintiff must establish: (1) publication, (2) absence of justification, (3) falsity, and (4) direct pecuniary loss. Id.

The Debtor alleged that the NOD, the Notice of Sale and the Trustee's Deed Upon Sale were invalid and constituted improper clouds on the Debtor's title to the Property. The Debtor alleged that the Defendants wrongfully recorded these documents in violation of California law. Because the Debtor's slander of title claim was based on the same facts relied on in his first

-19-

two causes of action, he has failed to establish the falsity of the NOD, Substitution of Trustee, Notice of Sale and Trustee's Deed Upon Sale. Consequently, the Debtor failed to establish the third element of his slander of title claim and the bankruptcy court did not err in dismissing the Debtor's third cause of action.

E. Quiet Title

To state a cause of action to quiet title under California law, a plaintiff must allege:

> (a) A description of the property that is the subject of the action. . . . In the case of real property, the description shall include both its legal description and its street address or common designation, if any.
>
> (b) The title of the plaintiff as to which a determination under this chapter is sought and the basis of the title. . . .
>
> (c) The adverse claims to the title of the plaintiff against which a determination is sought.
>
> (d) The date as of which the determination is sought. If the determination is sought as of a date other than the date the complaint is filed, the complaint shall include a statement of the reasons why a determination as of that date is sought.
>
> (e) A prayer for the determination of the title of the plaintiff against the adverse claims.

Cal. Civ. Proc. Code § 761.020.

The Debtor pled each of these requirements in the Complaint; however, we must also determine whether he pled facts sufficient to allow us to draw a reasonable inference that he was entitled to relief under his quiet title claim. See Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949.

The plausibility of the Debtor's quiet title claim depended on the viability of his allegation that neither MERS nor Cal-

-20-

Western were authorized to foreclose on the Property. Because we have determined that the allegations and supporting documents in the Complaint did not support a claim for wrongful foreclosure, the quiet title claim is fatally defective. Accordingly, we conclude that the bankruptcy court properly dismissed the Debtor's quiet title cause of action.

F.   Breach Of Contract

The Debtor has abandoned his claim for breach of contract. Appellant's Opening Br. at 5-6, 7. Therefore, we need not decide whether the bankruptcy court erred in dismissing the fifth cause of action alleged in the Complaint.

G.   Professional Negligence

In order to state a claim for negligence, the Debtor was required to allege that (1) the defendant had a legal duty to use due care; (2) the defendant breached that duty; and, (3) the breach was the proximate or legal cause of the resulting injury. Bascos, 2011 WL 3157063, at *7. The Debtor alleged that Cal-Western breached its duty to him by failing to ascertain the validity of the foreclosure documents, which resulted in the wrongful foreclosure of the Property.

A trustee under a deed of trust is not a true trustee that owes fiduciary duties to the trustor. Lopez v. GMAC Mortg., 2011 WL 6029875, at *13 (E.D. Cal. Dec. 5, 2011). Indeed, "a trustee under a deed of trust owes Plaintiff no duty beyond its duties contained in Cal. Civ. Code [§] 2924." Bascos, 2011 WL 3157063, at *7 (citations omitted). The trustee under a deed of trust has only two duties: "(1) upon default to undertake the steps necessary to foreclose the deed of trust; or (2) upon

-21-

satisfaction of the secured debt to reconvey the deed of trust." <u>Lopez</u>, 2011 WL 6029875, at *13. As we discussed above, the Substitution of Trustee, the NOD, and the Notice of Sale complied with Cal. Civ. Code § 2924. Cal-Western satisfied its duty by taking the necessary steps to foreclose the DOT. As a result, the Debtor did not allege sufficient facts to demonstrate a cause of action for professional negligence.

## VI. CONCLUSION

The Debtor stated his first four claims for relief were "in essence one claim stated as different theories related to the wrongful foreclosure." Appellant's Opening Br. at 6. For the foregoing reasons, we determined that the Debtor failed to allege that the foreclosure violated applicable California law and was improper. Consequently, the Debtor's first, second, third, and fourth claims for relief were properly dismissed. The Debtor's fifth claim for relief has been abandoned. Furthermore, we determined the Debtor's sixth claim for relief was also properly dismissed. Accordingly, we AFFIRM the bankruptcy court's Judgment of Dismissal that dismissed the adversary proceeding with prejudice.