**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re:  CYNTHIA CYNKO ZIPSER, | No.    16-60027 |
| Debtor, | BAP No. 15-1258 |
| _____ | |
| CYNTHIA CYNKO ZIPSER, | MEMORANDUM* |
| Appellant, | |
| v. | |
| OCWEN LOAN SERVICING, LLC, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kurtz, Taylor, and Faris, Bankruptcy Judges, Presiding

Argued and Submitted October 3, 2017
Pasadena, California

Before:  FERNANDEZ, RAWLINSON, and N.R. SMITH, Circuit Judges.

Appellant Cynthia Zipser (Zipser) appeals the decision of the Bankruptcy

Appellate Panel (BAP) affirming the bankruptcy court's overruling of Zipser's

_____

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

objection to a secured claim asserted by Appellee Ocwen Loan Servicing, Inc. (Ocwen) during Zipser's Chapter 13 bankruptcy proceedings.

Zipser has the burden on appeal of demonstrating error in the bankruptcy court's decision. Although her brief includes many citations to authority, it is not a model of clarity. She has not identified any error in the authority relied on by the bankruptcy court in making its decision. And little of the authority she cites is on point. The best we can tell, she challenges Ocwen's standing to file the proof of claim and the bankruptcy court's ultimate decision to deny her objection to Ocwen's proof of claim without an evidentiary hearing. Neither claim has merit.

The bankruptcy court properly applied California law in holding that Ocwen had standing to enforce its claim as the possessor of a promissory note endorsed in blank. *See Spencer v. Sterling Bank*, 63 Cal. App. 4th 1055, 1059 (1998) (articulating that "[w]hen indorsed in blank, an instrument becomes payable to the bearer and may be negotiated by transfer of possession alone until specially indorsed") (citation omitted); *see also Cedano v. Aurora Loan Servs., LLC* (*In re Cedano*), 470 B.R. 522, 526 n.2 (9th Cir. B.A.P. 2012) (explaining that, under California law, if "the Note is endorsed in blank . . . whoever has possession may enforce the Note"). Ocwen presented sufficient evidence establishing its authority

2

to pursue the claim against Zipser based on its actual possession of the promissory note. *See id.*

Zipser fails to demonstrate that the bankruptcy court abused its discretion in overruling her objection to the proof of claim. *Bitters v. Networks Elec. Corp.* (*In re Networks Elec. Corp.*), 195 B.R. 92, 96 (B.A.P. 9th Cir. 1996). The bankruptcy court applied the proper burden of proof. Ocwen's proof of claim "constitute[d] *prima facie* evidence of the validity and amount of the claim" and Zipser had the burden to "come forward with sufficient evidence and show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." *Lundell v. Anchor Constr. Specialists, Inc.* (*In re Lundell*), 223 F.3d 1035, 1039 (9th Cir. 2000) (citations and internal quotation marks omitted). However, Zipser failed to present any evidence supporting her challenge to the validity of Ocwen's claim. Thus, Zipser's assertion that Ocwen failed to demonstrate the chain of possession of the promissory note, even if true, is immaterial and would not render the bankruptcy court's decision an abuse of discretion.

The record does not reflect that Zipser requested an evidentiary hearing. In any event, Zipser fails to demonstrate that an evidentiary hearing was warranted under the facts of this case in which Ocwen sufficiently demonstrated that it had

3

standing to enforce the promissory note. As a result, the bankruptcy court did not abuse its discretion in failing to conduct an evidentiary hearing because "there was [an] adequate factual basis for the bankruptcy court's decision" and "[a]dditional evidentiary support [was] unnecessary." *Zurich Am. Ins. Co. v. Int'l Fibercom, Inc.* (*In re Int'l Fibercom, Inc.*), 503 F.3d 933, 946 (9th Cir. 2007).

**The decision of the bankruptcy court is AFFIRMED.**