FILED

JUN 2 2020

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. NV-19-1049-LBG |
| ROBERT JAMES HOUCHIN, | Bk. No. 3:17-bk-51148-BTB |
| Debtor. | Adv. No. 3:18-ap-05001-BTB |
| ROBERT JAMES HOUCHIN, | |
| Appellant, | |
| v. | **MEMORANDUM**[*] |
| HALF DENTAL FRANCHISE, LLC; HDM, LLC; CHAYSE MEYERS; MATT BAKER, | |
| Appellees. | |

Argued and Submitted on May 21, 2020

Filed – June 2, 2020

Appeal from the United States Bankruptcy Court
for the District of Nevada

---

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Honorable Bruce T. Beesley, Bankruptcy Judge, Presiding

————————

Appearances:    Holly E. Estes of Estes Law, P.C., argued for Appellant.

————————

Before: LAFFERTY, BRAND, and GAN, Bankruptcy Judges.

## INTRODUCTION

Chapter 7[1] debtor Robert Houchin appeals the bankruptcy court's order denying his motion to dismiss the adversary proceeding filed against him by Appellees Half Dental Franchise, LLC ("HDF"), Chayse Myers, and Matt Baker (collectively, "Plaintiffs"). Plaintiffs asserted claims for nondischargeability under §§ 523(a)(2)(A) and (a)(6) based on allegations that Dr. Houchin conspired with others to usurp business opportunities from HDF. Those allegations also formed the basis for state law claims asserted in a pre-petition lawsuit filed in Arizona Superior Court (the "State Court Action"). Shortly after the adversary complaint was filed, the state court dismissed the State Court Action as to Dr. Houchin.

In his motion to dismiss, Dr. Houchin argued that the dismissal of the State Court Action after the expiration of the limitations period for the underlying claims resulted in the nondischargeability claims being time-

---

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Civil Rule" references are to the Federal Rules of Civil Procedure, and "Rule" references are to the Federal Rules of Bankruptcy Procedure.

barred because Plaintiffs could not establish an underlying debt. He also argued that both § 523 allegations failed to state a claim upon which relief could be granted and that the § 523(a)(2)(A) claim was not pled with sufficient particularity.

The bankruptcy court disagreed with Dr. Houchin and denied the motion. We AFFIRM.

## FACTUAL BACKGROUND

### Timeline

Dr. Houchin, a dentist, filed a chapter 7 petition on September 29, 2017. At that time, he was among several defendants in the State Court Action, which alleged claims for unfair competition, unjust enrichment, trademark infringement, conspiracy, and tortious interference with contract and/or business expectancy. Upon being notified of the bankruptcy filing, the state court issued an order on October 9, 2017 (the "October 2017 Order"), which stayed the State Court Action as to Dr. Houchin and provided that the claims against him would be dismissed after 60 days "unless a party requests otherwise." Although no party requested otherwise, the state court did not dismiss the State Court Action immediately after the expiration of the 60 days, but it eventually did so on February 13, 2018, entering an order dismissing the claims against Dr. Houchin without prejudice (the "February 2018 Order"). In the interim, on January 2, 2018, Plaintiffs filed a timely adversary proceeding seeking a

declaration of nondischargeability of their claims against Dr. Houchin under §§ 523(a)(2)(A) and (a)(6).

**Allegations of the Nondischargeability Complaint**

The amended complaint ("FAC") in the nondischargeability proceeding alleged that Dr. Houchin conspired with others to usurp business opportunities from HDF. HDF had been organized in 2013 by Myers, Baker, and Brandon D'Haenens to franchise a dentistry practice model to owners of dental practices across the country and to develop related business opportunities. According to the FAC, D'Haenens and his friend, Jason McKew, conspired with Dr. Houchin to usurp opportunities to franchise dental practices in Arizona and California. As part of the scheme, while he was secretly working with D'Haenens and McKew, Dr. Houchin falsely represented to Myers and Baker that he intended to operate the Arizona practice as an HDF franchisee and that he was interested in working with HDF to franchise his two existing California dental practices in Walmart stores. Around this same time period, D'Haenens franchised the Arizona dental practice, and Dr. Houchin secretly purchased it.

HDF eventually discovered D'Haenens' and McKew's (but not Dr. Houchin's) efforts to steal its business opportunities and obtained a temporary restraining order enjoining them from taking any action that could interfere with or be injurious to HDF's business interests and

operations. Dr. Houchin then helped D'Haenens and McKew to circumvent the TRO by representing to HDF that he had played no role in the efforts to hurt HDF and was firmly allied with the company. In the meantime, he continued to work with D'Haenens, McKew, and others in moving forward with the Walmart deal.

At some point, the Arizona practice fell behind on franchise fees. When HDF attempted to enforce the franchise agreement, Dr. Houchin disclosed that he was the owner and resisted HDF's efforts. The parties went to arbitration, and the arbitrator found Dr. Houchin, D'Haenens, and McKew liable for multiple wrongs and issued a multi-million dollar award, permanent injunctive relief and punitive damages in favor of HDF. The Nevada district court eventually affirmed that award in September 2017.

After the arbitration, in June 2015, HDF commenced the State Court Action against Houchin and others, alleging claims for unfair competition, unjust enrichment, trademark infringement, conspiracy, and tortious interference with contract and/or business expectancy. The Arizona court ordered Dr. Houchin, D'Haenens, and McKew to turn over the Arizona practice to HDF. When Dr. Houchin failed to comply with the court order, the Arizona court held him in contempt.

The FAC also alleged that Dr. Houchin acted deceitfully and intentionally and that he had the subjective motive to inflict injury on Plaintiffs or believed that injury was substantially certain to result from his

5

conduct.

**Motion to Dismiss**

Dr. Houchin filed a motion to dismiss the FAC under Civil Rule 12(b)(6), applicable via Rule 7012, on the grounds that: (I) the claims were time-barred under state law; and (ii) the FAC failed to state a claim upon which relief could be granted, in part because the § 523(a)(2)(A) claim was not pleaded with sufficient particularity as required under Civil Rule 9(b), applicable via Rule 7009. Plaintiffs filed an opposition, and the court held a hearing. At the initial hearing, the court held that the FAC provided sufficient notice of the claims against Dr. Houchin, and the issue regarding particularity of the fraud claim had been cured by the amendments to the original complaint. Dr. Houchin continued to assert that the nondischargeability proceeding was time-barred, arguing that the October 2017 Order was self-executing so that the State Court Action should be deemed dismissed 60 days after that order, in December 2017, before the nondischargeability proceeding had been filed. The bankruptcy court requested supplemental briefing regarding this issue.

After a further hearing, the bankruptcy court took the matter under advisement and issued an oral ruling on November 19, 2018. The court found that, based on Arizona law, the October 2017 Order was not self-executing, and the operative order dismissing the State Court Action was the February 2018 Order. Because the adversary proceeding had been filed

6

before the State Court Action was dismissed, the court found that the statute of limitations had not run on the underlying claims. Accordingly, it denied Dr. Houchin's motion to dismiss.

Dr. Houchin timely appealed.[2]

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Whether the bankruptcy court erred in holding that the nondischargeability claims were not time-barred.

Whether the bankruptcy court erred in denying Dr. Houchin's motion to dismiss the § 523(a)(2)(A) claim for failure to comply with Civil Rule 9(b).

Whether the bankruptcy court erred in denying the motion to dismiss the § 523 claims under Civil Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## STANDARD OF REVIEW

We review de novo a bankruptcy court's order on a Civil Rule 12(b)(6) motion to dismiss. *Movsesian v. Victoria Versicherung AG*, 670 F.3d 1067, 1071 (9th Cir. 2012) (en banc); *Cedano v. Aurora Loan Servs., LLC (In re Cedano)*, 470 B.R. 522, 528 (9th Cir. BAP 2012). We also review de novo the

---

[2]A BAP motions panel granted leave to appeal this interlocutory order.

bankruptcy court's order on a motion to dismiss under Civil Rule 9(b) for failure to plead a fraud claim with particularity. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).

Under de novo review, we look at the matter anew, as if it had not been heard before, and as if no decision had been rendered previously, giving no deference to the bankruptcy court's determinations. *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006).

## DISCUSSION

In reviewing the bankruptcy court's decision on a motion to dismiss, we apply the same standards to Civil Rule 12(b)(6) dismissal motions that all other federal courts are required to apply. *Barnes v. Belice (In re Belice)*, 461 B.R. 564, 572–73 (9th Cir. BAP 2011). Under Civil Rule 12(b)(6), made applicable in adversary proceedings by Rule 7012, we may dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a Civil Rule 12(b)(6) dismissal motion, a complaint must present cognizable legal theories and sufficient factual allegations to support those theories. *See Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008). As the Supreme Court has explained:

> a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and internal quotation marks omitted). In reviewing the sufficiency of a complaint under Civil Rule 12(b)(6), we must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. *See Newcal Indus., Inc. v. Ikon Office Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). However, we do not need to accept as true conclusory allegations or legal characterizations cast in the form of factual allegations. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

**A.    The bankruptcy court did not err in holding that the underlying state law claims were not time-barred.**

As set forth above, the State Court Action was pending when Dr. Houchin filed his bankruptcy case in September 2017. Plaintiffs filed a timely nondischargeability complaint that was based on the same conduct as the State Court Action. The state court thereafter dismissed the State Court Action. Despite the fact that the nondischargeability action was then pending, Dr. Houchin insists that those claims are now time-barred because the statute of limitations has run on the underlying state law claims and therefore Plaintiffs cannot establish a debt.[3]

The dischargeability analysis requires two steps: first, "the

---

[3]On appeal, Dr. Houchin has abandoned his argument that the October 2017 Order was self-executing.

establishment of the debt itself, which is subject to the applicable state statute of limitations; and, second, a determination as to the nature of that debt, an issue within the exclusive jurisdiction of the bankruptcy court and thus governed by Bankruptcy Rule 4007." *Banks v. Gill Distribution Ctrs., Inc.*, 263 F.3d 862, 868 (9th Cir. 2001) (citing *Resolution Tr. Corp. v. McKendry (In re McKendry)*, 40 F.3d 331, 337 (10th Cir. 1994)).

The parties do not dispute that, under Arizona Revised Statutes § 12-542, the statute of limitations for the relevant underlying state law claims (tortious interference with contract and/or business expectancy, civil conspiracy, and unfair competition) is two years. The parties also do not dispute that the State Court Action was timely filed. Mr Houchin posits the novel theory that the statute of limitations ran, at the latest, on June 9, 2017, two years after the State Court Action was filed, and 112 days before the bankruptcy petition was filed.[4] Under his theory, when the State Court Action was dismissed, it was effectively a dismissal with prejudice because the statute of limitations had expired, and Plaintiffs were thus barred from pursuing their nondischargeability claims because they could not establish an underlying debt. In support, he cites this Panel's unpublished decision in *Domingo v. Portugues-Santana (In re Domingo)*, No. NV-17-1135-BHTa, 2017 WL 6601773 (9th Cir. BAP Dec. 26, 2017). Although Dr. Houchin

---

[4]This argument makes no sense. The limitations period did not expire on that date because the State Court Action had been timely filed and was pending.

contends that *Domingo* is factually analogous, it is not.

In *Domingo*, plaintiff filed a timely nondischargeability proceeding seeking to have a federal court judgment excepted from discharge in the debtor's chapter 7 case. The bankruptcy court dismissed the original complaint under Civil Rule 12(b)(5) for insufficient service of process; it also dismissed the complaint under Civil Rule 12(b)(6) for failure to state a claim upon which relief could be granted and granted leave to amend. The plaintiff filed an amended complaint after the deadline under Rule 4007(c) had expired. The bankruptcy court denied the debtor's motion to dismiss the amended complaint as untimely and, after trial, entered a judgment finding the debt nondischargeable. On appeal, the Panel vacated the judgment, holding that because the original complaint had been dismissed under Civil Rule 12(b)(5) for failure to comply with Civil Rule 4(m), it was as though the original complaint had never been filed, and thus the amended complaint could not relate back to the original filing date. Accordingly, "even though the dismissal was nominally 'without prejudice,' it was effectively 'with prejudice' because a new action was barred by the statute of limitations." 2017 WL 6601773 at *6 (citations omitted).

Although *Domingo* involves a statute of limitations issue and a nondischargeability complaint, the similarities end there. This appeal does not involve a motion to dismiss under Civil Rule 12(b)(5), which was the

11

critical issue in *Domingo*. Here, the nondischargeability action was pending when the State Court Action was dismissed. Under these circumstances, although Plaintiffs could not have refiled the State Court Action, their pending nondischargeability claims, which are within the bankruptcy court's exclusive jurisdiction, were not time-barred. In other words, once the nondischargeability action was filed, the state law statute of limitations ceased to have any relevance, and certainly could not be deemed to have "run" pre-petition given that the State Court Action was pending on the petition date.

Dr. Houchin also argues that the filing of the adversary complaint did not relate back to the state court complaint so as to preserve the state statute of limitations, and that if Plaintiffs had wanted to do so, they should have removed the State Court Action to the bankruptcy court. He cites no authority that removal of a state court action is required in the circumstances presented here. He also notes that Plaintiffs did not ask the bankruptcy court to liquidate their underlying state law claims but "merely requested the bankruptcy court make a determination as to whether their unliquidated State Court Claims were nondischargeable."[5] While true, he did not make this argument in the bankruptcy court; thus we need not

---

[5]We note that bankruptcy courts have jurisdiction and constitutional authority to liquidate a debt in conjunction with finding a debt nondischargeable. *See Dietz v. Ford (In re Dietz)*, 760 F.3d 1038, 1050 (9th Cir. 2014).

consider it. *See Price v. Lehtinen (In re Lehtinen)*, 332 B.R. 404, 410 (9th Cir. BAP 2005), *aff'd*, 564 F.3d 1052 (9th Cir. 2009). In any event, he cites no authority supporting the conclusion that a failure to explicitly request that a claim be liquidated is grounds for dismissing a nondischargeability complaint. [6]

**B.      The bankruptcy court did not err in finding that the allegations supporting the § 523(a)(2)(A) claim complied with Civil Rule 9(b).**

In this circuit, a creditor asserting nondischargeability of a debt under § 523(a)(2)(A) must establish five elements: "(1) misrepresentation, fraudulent omission or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of his statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct." *Turtle Rock Meadows Homeowners*

_____

[6]Dr. Houchin also addressed in his appellate brief several issues that were raised by Plaintiffs but not ruled upon by the bankruptcy court, probably because disposition of those issues was unnecessary to its ruling. None are relevant to this appeal. First, he contends that § 108(c) did not operate to toll the statute of limitations because the limitations period had run pre-petition, relying on the same flawed theory that the statute of limitations ran while the State Court Action was pending. Second, Dr. Houchin argues that dismissal of the State Court Action did not violate the automatic stay. Third, Dr. Houchin argues that Plaintiffs could not have taken advantage of Arizona Revised Statutes § 12-504, which permits a plaintiff to commence a new action within six months, even if the limitations period has expired, if a timely filed action "is terminated in any manner other than by abatement, voluntary dismissal, dismissal for lack of prosecution or a final judgment on the merits." He argues that the State Court Action was dismissed for lack of prosecution, and in any case the six months has passed.

*Ass'n v. Slyman (In re Slyman)*, 234 F.3d 1081, 1085 (9th Cir. 2000). A fraudulent omission in the face of a duty to disclose may constitute a false representation. *Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1246 (9th Cir. 2001). In cases where a plaintiff establishes the nondisclosure of a material fact that the debtor was under a duty to disclose, the reliance and causation elements are established and need not be separately proven. *Apte v. Japra, M.D., F.A.C.C., Inc. (In re Apte)*, 96 F.3d 1319, 1323 (9th Cir. 1996). *See also Citibank (South Dakota), N.A. v. Eashai (In re Eashai)*, 87 F.3d 1082, 1089 (9th Cir. 1996).

Because a claim under § 523(a)(2)(A) sounds in fraud, it must comply with Civil Rule 9(b), which provides, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." To comply with Civil Rule 9(b), allegations of fraud must be specific enough to give the defendant notice of the particular misconduct that is alleged to constitute the fraud so that they can defend against the fraud claim and not just deny that they have done anything wrong. *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001). Thus, a complaint alleging fraud must "identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018),

14

*cert. denied*, 139 S. Ct. 640 (2018) (citations omitted).

The FAC alleges that in June 2014, Dr. Houchin bought the Tucson, Arizona, practice (MBDT) via a stock purchase agreement and did not tell Myers about it. It also alleges that in late July or early August 2014, Dr. Houchin led Plaintiffs to believe he was interested in franchising his two California dental practices, and that he was continuing to finalize the purchase of MBDT from D'Haenens, telling Myers that he had signed franchise agreements for all three practices. In the meantime, Dr. Houchin, along with D'Haenens and McKew, continued to negotiate with the master lease holder for dental practices in Walmart stores, leading Plaintiffs to believe that HDF was still part of the Walmart deal. After HDF obtained a TRO against D'Haenens and McKew, Houchin told Myers and Baker that he had played no role in the ongoing efforts to hurt HDF.

The allegations specific to the § 523(a)(2)(A) claim are that Dr. Houchin made representations to HDF that led it to believe that he was entering into a franchise agreement with HDF for MBDT and that he obtained property diverted from MBDT as a result of false representations upon which Plaintiffs relied. The FAC also alleges that Dr. Houchin made false representations by "secretly negotiating to cut Half Dental out of negotiations with perspective [sic] Half Dental customers, including Walmart, while leading Myers and Baker to believe Half Dental was still part of the negotiations . . . ." and by "secretly negotiating to purchase

15

MBDT from D'Haenens to be part of a non-Half Dental alliance while representing to Plaintiffs that Half Dental was still part of the negotiations." It further alleges that Dr. Houchin acted deceitfully and intentionally and caused Plaintiffs to lose property or money.

The FAC cannot plausibly be characterized as conclusory. The allegations are very detailed and sufficiently state the who, what, when, where, and how of the fraud claim. The FAC identifies numerous examples of specific false statements or failures to disclose, the specific parties involved, the general timing of the representations, and the benefit received by Dr. Houchin. As noted, where the fraud at issue is a failure to disclose, reliance and causation are established. And Civil Rule 9(b) permits a plaintiff to allege states of mind generally.

On appeal, Dr. Houchin complains that the FAC lacks specific dates and contains "vague allegations and double talk." Although the FAC is not precise about the dates of many of the events, it is clear that most of the relevant representations occurred in the summer of 2014 and thereafter. As for the "double talk," Dr. Houchin complains that the allegation that Plaintiffs did not know he had purchased MBDT is inconsistent with the allegation that Myers sent Dr. Houchin a text acknowledging that he might have an interest as a minority or absentee investor in MBDT. But a closer reading of the FAC shows that what Plaintiffs did not know was that Dr. Houchin had purchased MBDT outright until he sent an email to Myers

telling him as much. Dr. Houchin also points out that paragraph 21 of the FAC indicates that HDF had agreed that Dr. Houchin would buy MBDT outside of any franchise agreement, which is inconsistent with the allegation that Dr. Houchin purchased MBDT without HDF or Myers' consent. But, again, the FAC alleges that by the time Dr. Houchin purchased MBDT, the original anticipated deal had fallen through and MBDT had been franchised to D'Haenens, an alleged co-conspirator.

Dr. Houchin has not shown that the bankruptcy court erred in denying his motion to dismiss on this ground.

## C. The bankruptcy court did not err in holding that the FAC adequately stated a claim for relief under § 523(a)(6).

To prevail on a § 523(a)(6) claim, the plaintiff must establish that the debt at issue is "for willful and malicious injury by the debtor to another entity or to the property of another entity." The willful and malicious prongs of the claim must both be established. *Barboza v. New Form, Inc. (In re Barboza)*, 545 F.3d 702, 706 (9th Cir. 2008). A "willful" injury is a "deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Id.* (quoting *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998). And a malicious injury involves (1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse. *Id.* (citations omitted).

The FAC adequately pleads these elements. Dr. Houchin erroneously

asserts that the complaint does not allege that he acted willfully and maliciously or intended to injure Plaintiffs. But the FAC includes allegations of tortious conduct and alleges that Dr. Houchin had the subjective motive to inflict injury on Plaintiffs or believed that injury was substantially certain to result from his conduct, and that he intentionally harmed Plaintiffs knowing that his conduct was wrong. While the words "willful" and "malicious" do not appear, the allegations satisfy those elements. Again, Dr. Houchin has not shown that the bankruptcy court erred in denying his motion to dismiss on this ground.

## CONCLUSION

For the reasons explained above, Dr. Houchin has not established that the bankruptcy court erred in denying his motion to dismiss. Accordingly, we AFFIRM.

18