**SUPERIOR COURT**
**OF THE**
**STATE OF DELAWARE**

**ROBERT H. ROBINSON, JR.**
*JUDGE*

**Sussex County Courthouse**
**1 The Circle, Suite 2**
**Georgetown, DE 19947**
**Telephone: (302) 856-5264**

Submitted: May 25, 2022
Decided: August 25, 2022

Edward Seglias, Esquire
William R. Firth, III, Esquire
Emily A. Letcher, Esquire
Cohen, Seglias, Pallas, Greenhall &
Furman, P.C.
500 Delaware Avenue, Suite 730
Wilmington, Delaware 19801
Attorneys for Plaintiffs

Brian D. Tome, Esquire
Walter J. O'Brien, Esquire
Reilly, McDevitt & Henrich, P.C.
Delle Donne Corporate Center
1013 Centre Road, Suite 210
Wilmington, Delaware 19805
Attorneys for Defendant

Re:     *CB Lewes, LLC and Coastal Tide Partners, LLC v. Brightfields, Inc.,*
C.A. No. S20-C-06-001 RHR

Dear Counsel:

Before the Court is Plaintiff CB Lewes, LLC's ("CB Lewes") and Plaintiff

Coastal Tide Partners, LLC's ("Coastal Tide") (collectively, "Plaintiffs") Motion for

Leave to File an Amended Complaint ("Motion to Amend") against Defendant,

Brightfields, Inc. ("Brightfields" or "Defendant").

## I. Background

Plaintiffs brought this suit seeking damages from work performed by

Defendant on the redevelopment of a brownfield in Lewes, Delaware. The original

complaint alleged: (1) negligence; (2) professional negligence; (3) negligent provision of information; and (4) breach of contract.[1]

Defendant moved to dismiss the tort claims and answered the breach of contract claim. Defendant argued that the economic loss doctrine—which "is a judicially created doctrine that prohibits recovery in tort where a product has only damaged itself (i.e., has not caused personal injury or damage to other property) and, the only losses suffered are economic in nature"[2]—barred Plaintiffs' tort claims. Defendant maintained that the "information supplier" exception to the economic loss doctrine did not apply. Plaintiffs did not ask for leave to amend in lieu of dismissal.

After examining all well-pleaded allegations in the complaint, this Court agreed with Defendant, finding that Plaintiffs' tort claims were barred by the economic loss doctrine. This Court found that Defendant provided information in connection with the remediation services it provided to Plaintiffs, but it concluded that Defendant was not an "information supplier." Rather, this Court found Defendant's activities to be analogous to those of the defendants in *Riverbend Community, LLC v. Green Stone Engineering,*[3] and *Millsboro Fire Company v. Construction Management Services.*[4] In those cases, although the defendants

---

[1] Compl., D.I. 1.

[2] *Brasby v. Morris*, 2007 WL 949485, at *6 (Del. Super. Ct. Mar. 29, 2007) (quoting *Marcucilli v. Boardwalk Builders, Inc.*, 1999 WL 1568612, at *4 (Del. Super. Ct. Dec. 22, 1999) (citation omitted)).

[3] 2012 WL 1409013 (Del. Super. Ct. Apr. 4, 2012), *aff'd*, 55 A.3d 330 (Del. 2012).

[4] 2006 WL 1867705 (Del. Super. Ct. June 7, 2006).

provided information in connection with services rendered, they were not found to be "information suppliers" because construction/renovation was the "end and aim" product of the defendants' work, not the providing of information.[5] This Court reasoned that Defendant's actions—providing reports and plans in connection to redevelopment—is similar to those of engineers and architects who provide plans in connection with construction projects. Therefore, this Court ruled that the tort claims were barred by the economic loss doctrine and dismissed them. The order granting dismissal did not explicitly indicate whether these claims were dismissed with or without prejudice.[6]

## II. The Present Motion

Plaintiffs now seek to amend their complaint to add additional facts and revive the dismissed tort claims. The Proposed Amended Complaint alleges five tort counts: (1) negligence (CB Lewes v. Brightfields), (2) negligence (Coastal Tide v. Brightfields), (3) professional negligence (CB Lewes v. Brightfields), (4) professional negligence (Coastal Tide v. Brightfields), (5) negligent provision of information (CB Lewes and Coastal Tide v. Brightfields).[7] The Proposed Amended Complaint also clarifies that the breach of contract claim is brought by CB Lewes.

---

[5] *Riverbend,* 2012 WL 1409013, at *6; *Millsboro Fire Co.,* 2006 WL 1867705, at *3.
[6] *CB Lewes, LLC v. Brightfields Inc.*, 2020 WL 6364521 (Super. Ct. Oct. 29, 2020).
[7] Proposed Am. Compl., D.I. 47.

3

Plaintiffs filed the Motion to Amend on May 28, 2021. Plaintiffs initially argued that they had the right to amend because Defendant had not filed a responsive pleading. I ruled that Defendant had filed a responsive pleading by filing the motion to dismiss and an answer to the breach of contract claim.[8] I directed the parties to address whether Plaintiffs may amend their complaint with leave of the court.

## A. The Parties' Positions

Plaintiffs contend that leave should be granted because they meet the requirements for Superior Court Civil Rule 15, leave should be freely given, prejudice to the Defendant is minimal, and the amendment is not futile. Plaintiffs alleged that they did not possess a copy of the contract between the parties (the "Contract") when they filed suit and that they did not have it when the motion to dismiss was filed and considered by this Court.[9] Plaintiffs received a copy of the Contract when Defendant included it as part of its responses to interrogatories and requests for production six months after this Court issued its decision on the motion to dismiss.

Defendant contends that Plaintiffs are attempting an "end run around" this Court's order dismissing the tort claims and that it faces prejudice if the motion to amend is granted. Defendant also argues that the amendment should be denied

---

[8] Letter Order dated Jan. 27, 2022, D.I. 42.
[9] Aff. of William R. Firth, III, Esq., D.I. 47, ¶ 9.

4

because the tort claims are still subject to dismissal based on, among other things, the economic loss doctrine.

## B. Discussion

The Proposed Amended Complaint cites newly discovered facts—provided by the Contract—that Plaintiffs believe support their position that Defendant was an information supplier. The facts relevant to the Motion to Amend include:

1) Defendant was "to perform the necessary exploratory test pit work and other related services required by [Delaware Department of Natural Resources ("DNREC")]".[10]
2) Defendant was to "establish existing environmental conditions, fill in data gaps as required by DNREC, and evaluate what environmental risks, if any, for future development of the property."[11]
3) Defendant was to "among other things, review available information and data about the environmental site conditions, create a map of that data, complete the site investigation, provide a report to DNREC, and identify remediations needed by CB Lewes as part of the re-development."[12]
4) Defendant was to "review and tabulate analytical information, collect and analyze soil samples, and survey well locations and elevations and calculate groundwater elevations at each well… all for the purpose of being able to provide a report of such information to CB Lewes and DNREC."[13]
5) Defendant did not propose to do "any site remediation work, project oversight or the creation of plans for any remediation work.[14]
6) The main product provided by Brightfields to CB Lewes was analytical, mathematical, and data information, including supporting surveys. This

---

[10] Proposed Am. Compl., D.I. 47 ¶17.
[11] *Id.* at ¶ 18.
[12] *Id.* at ¶ 22.
[13] *Id.* at ¶ 23 (internal quotations omitted).
[14] *Id.* at ¶ 24.

information provided by Brightfields was not incidental to any other product provided by Brightfields; the information *was* the product.[15]

Superior Court Civil Rule 15 governs the amendment of pleadings.[16] After a responsive pleading has been filed, a party may amend a pleading only with leave of the court or by written consent of the adverse party, and "leave shall be freely given when justice so requires."[17] Generally, Delaware courts liberally grant leave to amend unless the opposing party would be seriously prejudiced.[18] If there is "evidence of undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies, prejudice, futility, or the like," leave should not be granted.[19] Delaware courts permit amendment of a complaint after dismissal to allow the party to correct "the defect that led to the dismissal, 'or to correct technicalities in their claims in situations where the amendment arises out of the exact same set of facts.'"[20] "[L]eave to file an amended complaint should not

---

[15] *Id.* at ¶ 26.
[16] Super. Ct. Civ. R. 15 ("A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the Court otherwise orders").
[17] *Id.*
[18] *Dunfee v. Blue Rock Van & Storage, Inc.*, 266 A.2d 187 (Del. Super. Ct. 1970).
[19] *Hess v. Carmine*, 396 A.2d 173 (Del. Super. Ct. 1978).
[20] *Rich Realty, Inc. v. Potter Anderson & Corroon LLP*, 2011 WL 1632338, at *2 (Del. Super. Ct. Apr. 26, 2011) (quoting *Playtex Family Prods., Inc. v. St. Paul Surplus Lines Ins. Co.*, 1990 WL 35299, at *4 (Del. Super. Ct. Mar. 27, 1990)).

properly be granted unless new facts are made to appear which would remedy the defects contained in the previous complaint."[21]

Here, Plaintiffs face the hurdle that a motion to dismiss was granted for the three tort claims that they hope to revive on the basis that the claims were barred by the economic loss doctrine. If an amendment would not survive a motion to dismiss under Rule 12(b)(6), it must be denied as being futile.[22] The question is, what, if anything, has changed since this Court's order dismissing the tort claims that would now allow these claims to withstand a motion to dismiss. The answer is simple: Plaintiffs now have the Contract and are able to identify the parties to the Contract and the scope of work covered by the Contract. The Proposed Amended Complaint specifies the narrow scope of the work for which Defendant was responsible and on which Plaintiffs base their claims.

This Court, in granting dismissal of the tort claims, identified two elements to the information supplier exception to the economic loss doctrine, and found that Plaintiffs failed to plead those elements. In order to fall within the exception, a defendant must (1) be in the business of supplying information and (2) have supplied the information to the plaintiff for use in business transactions with third parties.[23]

---

[21] *Playtex Family Prods., Inc. v. St. Paul Surplus Lines Ins. Co.,* 1990 WL 35299, at *4 (Del. Super. Ct. Mar. 27, 1990) (citing *Kirsch v. Barnes*, 157 F. Supp. 671, 672 (N.D. Cal. 1957), *aff'd*, 263 F.2d 692 (9th Cir. 1959)).
[22] *Marshall v. Priceline.com, Inc.*, 2008 WL 4153740, at *1 (Del Super. Ct. Aug. 28, 2008).
[23] *CB Lewes,* 2020 WL 6364521, at *4.

A defendant will not be considered an information provider "where the information supplied is merely ancillary to the sale of a product or service in connection with the sale."[24] In *Millsboro Fire Co.*, the Superior Court described the exception as narrowly tailored and stated that "only surveyors, and those expressly in the business of supplying information such as accountants, financial advisors, and title searchers, can be liable in tort for purely economic losses."[25] However, the court also recognized that the point where one crosses the line into the business of "supplying information" has not been definitively resolved by Delaware courts.[26] Engineers may fall on either side of the line, depending on the nature of the service provided.[27] For example, engineers who provide calculations, specifications, or reports for a project are considered information providers.[28] But when an engineer "produces designs or plans as a component of a construction project, any information supplied is ancillary to the finished product," the engineer is not an information supplier.[29]

Although I have concerns about the legal sufficiency of Plaintiffs' proposed amendment, accepting all allegations in the proposed amendment as true, I cannot

---

[24] *Christiana Marine Serv. Corp. v. Texaco Fuel & Marine Mktg.*, 2002 WL 1335360, at *7 (Del. Super. Ct. June 13, 2002).

[25] *Millsboro Fire Co.*, 2006 WL 1867705, at *3 (Del. Super. Ct. Sept. 24, 2018).

[26] *Id.*

[27] *Riverbend Cmty., LLC,* 2012 WL 1409013, at *4 (citing *Delaware Art Museum v. Ann Beha Architects, Inc.,* 2007 WL 2601472, at *3 (D. Del. Sept. 11, 2007)). The Proposed Amended Complaint alleges that Defendant represented that it possessed all engineering qualifications necessary to assess the site.

[28] *Id.*

[29] *Id.*

8

say that Plaintiffs cannot recover under any reasonably conceivable set of circumstances. I believe I must grant the motion and allow for reasonable discovery to proceed. The newly discovered and alleged facts in the Proposed Amended Complaint nudge Defendant closer to falling within the information supplier exception. Therefore, I find the proposed amendment is not futile.

Next, I address the additional considerations regarding a motion to amend, including evidence of undue delay, bad faith, or dilatory motive on the part of Plaintiffs, repeated failure to cure deficiencies, prejudice, or the like. Defendant makes no argument that the amendment is the result of bad faith or dilatory motive on the part of the movant and there is no evidence of such. Instead, Defendant argues that there was undue delay, repeated failure to cure deficiencies, and prejudice.

Plaintiffs filed the Motion to Amend less than sixty days after receiving the Contract that provided Plaintiffs with the basis for the proposed amendment.[30] Although Plaintiffs do not offer many (if any) reasons for this sixty-day delay, I find it to be reasonable and not an undue delay justifying the denial of the Motion to Amend. The claims are of the same nature of the initial complaint and the scope of discovery will not change significantly. Prejudice to Defendant is also minimal.

Defendant also argues that *res judicata* should prevent the amendment. As noted previously, a party may be permitted to amend the complaint after dismissal

---

[30] Aff. of William R. Firth, III, Esq., D.I. 47, ¶ 9.

9

for the purpose of correcting the defect that led to the dismissal, "or to correct technicalities in their claims in situations where the amendment arises out of the exact same set of facts." Notably, the Delaware Supreme Court noted that "*res judicata* does not operate to bar claims based on facts that were not, and could not have been, known to the plaintiff in the second action at the time of the first action."[31] This case is distinguishable from *Rich Realty Incorporated v. Potter Anderson & Carroon*,[32] cited by Defendant. In denying the motion to amend, the *Rich Realty* court specifically found that new proposed language was not based on newly discovered evidence and—more importantly—that all the facts had been well-known to the plaintiffs for years.[33] Here, the proposed language *is* based upon newly discovered evidence so leave to amend is appropriate.

### III. Conclusion

Superior Court Civil Rule 15 provides for the amendment of a complaint to correct the defects that led to dismissal. Here, Plaintiffs' Proposed Amended Complaint remedies the defects of the original complaint, and the motion is not futile. Therefore, Plaintiffs' Motion for Leave to File an Amended Complaint is **GRANTED.**

---

[31] *LaPoint v. AmerisourceBergen Corp.*, 970 A.2d 185, 193 (Del. 2009) (citing *Ambase Corp. v. City Investing Co. Liquidating Trust*, 326 F.3d 63 (2d Cir.2003).
[32] *Rich Realty, Inc.,* 2011 WL 1632338.
[33] *Id.* at *4.

**IT IS SO ORDERED.**

Sincerely,
*/s/Robert H. Robinson, Jr.*
Judge

11